**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**MIA WILLIAMS and
BRITTANY CALVERT,
on their own behalf and on
behalf of those similarly situated,**

      **Plaintiffs,**

**vs.**                                      **Case No.**

**RETREAT BEHAVIORAL HEALTH, LLC,
a Florida Limited Liability Corporation,
NR FLORIDA ASSOCIATES, LLC,
a Florida Limited Liability Corporation,
CHRISTY GARIANO, ALEXANDER
HOINSKY, ESTATE OF PETER SCHORR,
and ESTATE OF SCOTT KOROGODSKY,**

      **Defendants.**

_____/

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

      Plaintiffs Mia Williams and Brittany Calvert, on their own behalf and on behalf of those

similarly situated (collectively "Plaintiffs"), by and through their undersigned counsel, hereby sue

Defendants Retreat Behavioral Health, LLC ("RBH"), NR Florida Associates, LLC ("NRFA"),

Christy Gariano, Alexander Hoinsky, the Estate of Peter Schorr, and the Estate of Scott

Korogodsky (collectively "the Individual Defendants") and allege as follows:

**INTRODUCTION**

      1.    This is an action brought pursuant to the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201, *et seq.* ("FLSA"), the Worker Adjustment and Retraining Notification

Act of 1988, 29 U.S.C. §2101 et. seq. ("WARN Act"), the Florida Constitution, Art. X, Sec. 24, and for unpaid wages.[1]

2.      Pursuant to the FLSA and Art. X, Sec. 24 of the Florida Constitution, Plaintiffs, on their own behalf and on behalf of all others similarly situated, seek minimum wage and overtime compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from RBH, NRFA, and the Individual Defendants.

3.      Defendants RBH and NRFA are liable under the WARN Act for the failure to provide the Plaintiffs and all others similarly situated at least 60 days advance notice of their termination, as required by the WARN Act.

4.      Defendants RBH and NRFA are liable for unpaid wages for failing to pay the agreed upon wages due to Plaintiffs and all others similarly situated.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331.

6.      Venue is proper in the Court because all facts material to all claims set forth herein occurred in Palm Beach County, Florida.

## PARTIES

7.      At all times material to this action, Defendant Retreat Behavioral Health, LLC was a Florida limited liability corporation, conducting business in Palm Beach County, Florida.

8.      At all times material to this action, Defendant NR Florida Associates, LLC was a Florida limited liability corporation, conducting business in Palm Beach County, Florida.

9.      At all times material to this action, Defendant Christy Gariano was the Chief Regulatory Officer of RBH.

---

[1]      Florida Statute §448.110 also requires the payment of minimum wage to all Florida workers.  Plaintiffs will seek leave to amend to include violations of this statute once all prerequisites have been completed.

10.     At all times material to this action, Defendant Alexander Hoinsky was the Chief Financial Officer of RBH.

11.     At all times material to this action, Peter Schorr was the Chief Executive Officer of RBH.

12.     At all times material to this action Scott Korogodsky was the Chief Administrative Officer of RBH.

13.     At all times material to this action, Plaintiffs were employees of RBH and NRFA and RBH and NRFA were the employer of Plaintiffs for purposes of the FLSA, Warn Act, the Florida Constitution, and all other relevant statues.

14.     Defendants RBH and NRFA are joint employers and/or an integrated or common enterprise, or predecessor and successor in interest.

15.     At all times material to this action, Plaintiffs were employees of the Individual Defendants and the Individual Defendants were the employer of Plaintiffs for purposes of the FLSA and the Florida Constitution.

## GENERAL ALLEGATIONS

16.     RBH is a provider of behavioral and mental health services in Florida, Connecticut, and Pennsylvania.

17.     NRFA is a provider of behavioral and mental health services in Florida, Connecticut, and Pennsylvania.

18.     RBH and NRFA operated in-patient facilities in Palm Beach County, FL, Lancaster County, PA, and New Haven, CT and behavioral health service centers in Palm Beach Lakes, FL, South Miami, FL, Akron, PA, Philadelphia, PA, and Lansdale, PA ("the Facilities").

19.     Plaintiffs were employed by RBH and NRFA.

3

20.     NRFA issued Plaintiffs' paychecks.

21.     Individual Defendants were the corporate officers and senior management of RBH and NRFA.

22.     Individual Defendants acted directly or indirectly in the interests of RBH and NRFA in relation to Plaintiffs.

23.     On or about May 24, 2024, RBH, NRFA, and the Individual Defendants failed to pay Plaintiffs and all other employees for the May 6, 2024 - May 19, 2024 pay period.

24.     Employees were paid late on or about May 25, 2024.

25.     On or about June 7, 2024, RBH, NRFA, and the Individual Defendants failed to pay Plaintiffs and all other employees for the May 20, 2024 – June 2, 2024 pay period.

26.     Employees were paid late on or about June 10, 2024.

27.     On or about June 21, 2024, RBH, NRFA, and the Individual Defendants failed to pay Plaintiffs and all other employees for the June 3, 2024-June 16, 2024 pay period.

28.     Later that same day, Plaintiffs and other employees were informed that the Chief Executive Officer, Peter Schorr, died by suicide.

29.     Plaintiffs were told that all patients in the West Palm Beach facility were being transitioned out of RBH's care immediately.

30.     On or about June 23, 2024, Plaintiffs and other employees received an email from Chief Administrative Officer, Scott Korogodsky, stating that RBH was "experiencing financial difficulties" and that they "did not yet have an answer regarding the distribution of payroll funds."

31.     The email included the following explanations regarding the "unanswered" questions:

- When will we be paid monies due from payroll date of Friday, June 21, 2024?
    o   We hope to have a definitive answer toward week's end.

4

- Can employees file for Unemployment Compensation?
  - o We are awaiting attorney guidance on UC (Unemployment Compensation). At this time, no facility has been given / granted authority to furlough employees.
  - o If you are currently employed, you may not apply for benefits.
- What are employee's chances of continued employment?
  - o RBH Management is committed to continuing Peter's mission to provide quality substance abuse care and mental health services to all our communities.
  - o Every employee may need to review their own circumstances and do what is best for their personal and family situation.
- Do I still have healthcare benefits?
  - o Management has consulted with our broker. UHC is working with our broker and RBH for continued coverage.

32.     On June 24, 2024, Mr. Korogodsky sent a follow-up email to all staff stating that they did "not have positive updates," that patients were being discharged and transferred at all locations and levels of care, and that RBH is "closing services."

33.     This email stated that employees would receive "appropriate letters regarding employment" and that last weeks' payroll was a "top priority."

34.     Accordingly, Plaintiffs were terminated on or about June 21, 2024.

35.     On or about June 26, 2024, Scott Korogodsky died by suicide.

36.     Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs sue under Rule 23(a) and (b) of the Federal Rules of Civil Procedure for violations of the WARN Act, the Florida Constitution, and for unpaid wages on behalf of themselves, and a class of employees who worked for RBH and NRFA at the Facilities and were terminated without cause by RBH and NRFA as part or as the reasonably foreseeable result of plant shutdowns or mass layoffs ordered by RBH and NRFA at the Facilities (the "Class") on or about June 21, 2024 and were not paid the constitutionally guaranteed minimum wage from June

3, 2024 through the time of the layoff or the wages that were due pursuant to employment agreements.

38.    The persons in the Class ("Class Members") are so numerous that joinder of all members is impracticable as there are approximately over 750 potential class members.

39.    There are questions of law and fact common to the Class Members, namely:

(a) Whether the Class Members were employees of RBH and NRFA who worked at or reported to RBH's Facilities;

(b) Whether RBH and NRFA ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act;

(c) Whether RBH and NRFA were subject to any of the defenses provided for in the WARN Act;

(d) Whether RBH, NRFA and the Individual Defendants failed to pay the minimum wage and overtime required; and

(e) Whether RBH and NRFA failed to pay the wages that were due pursuant to employment agreements.

40.    The claims of the representative parties are typical of the claims of the Class, as they were laid off as part of the plant shutdown or mass layoff, did not receive the requisite notice, were not paid the minimum wage from June 2, 2024 through their layoff, and were not paid wages due.

41.    The representative parties will fairly and adequately protect the interests of the class.

42.    The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

43.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act and wage litigation – where the individual Plaintiffs and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and separate actions would create a risk of inconsistent or varying adjudications with respect to individual class members and the adjudications with respect to individual class members would be dispositive of the interests of other members.

44.    RBH, NRFA, and the Individual Defendants acted on grounds that apply generally to the class.

45.    There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a)  Whether the Class Members were employees of RBH and NRFA who worked at or reported to RBH's Facilities;

(b)  Whether RBH and NRFA ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days advance written notice as required by the WARN Act;

(c)  Whether RBH and NRFA were subject to any of the defenses provided for in the WARN Act;

(d)  Whether RBH, NRFA, and the Individual Defendants failed to pay the minimum wage and overtime required; and

(e) Whether RBH and NRFA failed to pay the wages that were due pursuant to employment agreements.

**UNPAID WAGES ALLEGATIONS**

46.     The FLSA and Art. X, Sec. 24 of the Florida Constitution, and Connecticut General Statute §31-58 create private rights of action against any "employer" who violates wage provisions.

47.     At all material times, the federal minimum wage was $7.25 per hour.

48.     At all material times, the Florida minimum wage was $12 per hour.

49.     At all material times, the Connecticut minimum wage was $15.69 per hour.

50.     The FLSA, Florida Constitution, and Connecticut law all define the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'"

51.     Corporate officers with operational control of a corporation's covered enterprise are employers along with the corporation, jointly and severally liable for wage violations.

52.     RBH and NRFA had at least two employees.

53.     RBH and NRFA did at least $500,000 a year in business.

54.     Plaintiffs were engaged in interstate commerce or in the production of goods for commerce.

55.     During the relevant workweeks, Plaintiffs did not satisfy the requirements for any of the exemptions set forth in the FLSA, the Florida Constitution, or Connecticut law.

56.     Plaintiffs worked for Defendants and were not paid from June 3, 2024 through the date of the layoffs and did not receive at least the minimum wage for all hours worked.

57.     Plaintiff Calvert and other class members who worked in excess of forty (40) hours in a workweek did not receive overtime payments at a rate not less than one and one-half (1 and 1/2) times their regular rate for such overtime hours since June 3, 2024.

58.     All administrative notice requirements and prerequisites have been satisfied.

**WARN ACT ALLEGATIONS**

59.     Plaintiffs and other similarly situated employees were laid off as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

60.     At all relevant times, RBH and NRFA employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facilities.

61.     At all relevant times, RBH and NRFA were an "employer" of the Class Members as that term is defined by the WARN Act.

62.     On or about June 21, 2024, RBH and NRFA ordered "plant shutdowns" or "mass layoffs" as that term is defined by the WARN Act.

63.     RBH's and NRFA's actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less

than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

64.     RBH's and NRFA's termination of the Class Members' employment constituted plant shutdowns or mass layoffs as defined by the WARN Act.

65.     The Plaintiffs and each of the Class Members who were employed by RBH and NRFA and then terminated as a result of RBH and NRFA executing plant shutdowns or mass layoffs at the Facilities were "affected employees" as defined by the WARN Act.

66.     The Plaintiffs and each of the Class Members are "aggrieved employees" of RBH and NRFA as that term is defined by the WARN Act.

67.     Pursuant to the WARN Act, RBH and NRFA wer required to provide at least 60 days prior written notice of the layoff, or notice as soon as practicable, to the affected employees, or their representative, explaining why the sixty (60) days prior notice was not given.

68.     RBH and NRFA failed to give at least sixty (60) days prior notice of the layoff in violation of the WARN Act.

69.     RBH and NRFA failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective layoffs, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

70.     As a result of RBH's and NRFA's failure to pay the wages, benefits and other monies as asserted, the Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay

and benefits which would have been paid for a period of sixty (60) calendar days after the date of their terminations.

71.     All administrative notice requirements and prerequisites have been satisfied.

**COUNT I**
**VIOLATIONS OF THE FLSA AS TO ALL DEFENDANTS**

72.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 58 as if fully stated herein.

73.     RBH's, NRFA's, and the Individual Defendants' failure to provide Plaintiffs minimum wage and overtime constitutes a violation of the FLSA.

74.     RBH's, NRFA's, and the Individual Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

a)      a judgment that Defendants violated 29 U.S.C. §206 of the Fair Labor Standards Act;

b)      damages for the amount of unpaid minimum wage and overtime compensation owed to Plaintiffs;

c)      liquidated damages, pursuant to 29 U.S.C. §216(b), in an amount equal to the compensation owed to Plaintiffs;

d)      post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

e)      any other additional relief as the Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE FLSA AS TO THOSE
## SIMILARLY SITUATED AGAINST ALL DEFENDANTS

75.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 58 as if fully stated herein.

76.     RBH's, NRFA's, and the Individual Defendants' failure to provide Plaintiff Calvert and those similarly situated to Plaintiffs minimum wage and overtime compensation, if applicable, constitutes a violation of the FLSA.

77.     RBH's, NRFA's, and the Individual Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

a)      judgment that Defendants violated 29 U.S.C. §206 of the Fair Labor Standards Act;

b)      damages for the amount of unpaid minimum wage and overtime compensation owed to Plaintiffs;

c)      liquidated damages, pursuant to 29 U.S.C. §216(b), in an amount equal to the compensation owed to Plaintiffs;

d)      post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

e)      any other additional relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE WARN ACT AS TO DEFENDANTS RBH AND NRFA

78.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 45 and 59 through 71 as if fully stated herein.

79.     RBH's and NRFA's failure to provide Plaintiffs advanced written notice of their layoffs constitutes a violation of the WARN Act.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

(a)     An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C§2104(a)(1)(A);

(b)     Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiffs and the Other Similarly Situated Former Employees constitute a single class;

(c)     Designation of Plaintiffs Williams and Calvert as Class Representatives;

(d)     Appointment of the undersigned attorneys as Class Counsel;

(e)     Interest as allowed by law on the amounts owed under the preceding paragraphs;

(f)     The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act; and

(g)     Such other and further relief as this Court may deem just and proper.

**COUNT IV**
**MINIMUM WAGE PURSUANT TO STATE LAW AS TO ALL DEFENDANTS**

80.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 58 as if fully stated herein.

81.     Plaintiffs, and all others similarly situated, did not receive payments at a rate at least equal to the minimum wage for all hours worked as required by applicable state law.

Wherefore, Plaintiffs, and all others similarly situated, respectfully pray that the Court award the following relief:

a)      a judgment that Defendants violated Art. X, Sec. 24 of the Florida Constitution and the Connecticut minimum wage statute;

b)      damages for the amount of unpaid minimum wage compensation owed to Plaintiffs;

c)      liquidated damages in an amount equal to the minimum wage compensation owed to Plaintiffs;

d)      post-judgment interest, reasonable attorneys' fees and costs, and

e)      any other additional relief as the Court deems just and proper.

## COUNT V
## UNPAID WAGES AS TO DEFENDANT RBH AND NRFA

82.     Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 58 as if fully stated herein.

83.     Plaintiffs, and all others similarly situated, did not receive wages despite an agreement with RBH and NRFA to receive wages for all hours worked.

Wherefore, Plaintiffs, and all others similarly situated, respectfully pray that the Court award the following relief:

a)      a judgment that RBH and NRFA breached their employment agreements by failing to pay wages due;

b)      damages for the amount of unpaid compensation owed to Plaintiffs and all other similarly situated;

c)      post-judgment interest, reasonable attorneys' fees and costs pursuant to

section 448.08, Florida Statues and

d)      any other additional relief as the Court deems just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs further demand a jury trial on all issues so triable as of right.

Respectfully submitted,

/s/ Michelle Erin Nadeau
Ryan D. Barack
Florida Bar No. 0148430
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

/s/ Michael A. Pancier
Michael A. Pancier
Fla. Bar No. 958484
Email: mpancier@pancierlaw.com
Michael A. Pancier, P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217
Attorney for Plaintiffs