IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO: 24-cv-80787-DMM/Matthewman

MIA WILLIAMS, BRITTANY CALVERT, DEDTRA DAVIS, AND ALISA LEGGETT,

      Plaintiff,

v.

RETREAT BEHAVIORAL HEALTH, LLC, ET AL,

      Defendant.
_____/

**DEFENDANT CHRISSY GARIANO'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW**

The Defendant, CHRISSY GARIANO, by and through her undersigned attorneys, hereby Moves this Court to Dismiss the Plaintiffs' First Amended Complaint, and as grounds, states:

The First Amended Complaint avers that CHRISSY GARIANO was a Retreat Employee lumped in with the other Retreat Employees with other general averments such as that individual Defendants failed to pay the Plaintiffs (Paragraph 55, 57), there were no allegations at all against CHRISSY GARIANO that she possessed or used any power to hire and fire employees, set work schedules for those employees, represented that she was an owner, was responsible for management structure, made compensation decisions, or received reports from managers.

Mrs. GARIANO's did not involve anything to do with the employees pay or employment decisions. Therefore, the Plaintiff would be hard pressed to plead any of the elements needed to show that Mr. GARIANO was an "Employer" under the Fair Labor Standards Act, the Florida

Constitution, or under Connecticut law.

Under § 3(d) of Fair Labor Standards Act (29 USCS § 203(d)), which directly applies to Counts I, II, and III, the definition of an "employer" includes any person acting directly or indirectly in interest of employer in relation to the employee claimant. *Patrowich v. Chemical Bank*, 473 N.E.2d 11, 59 Fair Empl. Prac. Cas. (BNA) 1801, 1984 N.Y. LEXIS 4717 (N.Y. 1984).

The Plaintiffs in the above styled suit were required to plead what the involvement of the defendant was, not simply state his title. In *Copantitla v. Fiskardo Estiatorio, Inc*., 788 F. Supp. 2d 253 (S.D.N.Y. 2011), the court held that the sole shareholder of restaurant was not an "employer" because she had no knowledge of or involvement in setting employee compensation, hiring and firing employees, determining restaurant's tip policy, receiving and addressing employee complaints, or making any other employment decisions, and she could not be considered "employer" by virtue of her status as sole shareholder of restaurant.

In *Saint-Jean v. D.C. Pub. Schs. Div. of Transp*., 815 F. Supp. 2d 1 (D.D.C. 2011), as in the case *sub judice*, the court dismissed in part the First Amended Complaint which failed to allege facts which showed that a supervisor defendant had the power to hire or fire them or determine their pay rate and method.

In fact, to be classified as an employer under the FLSA, it is necessary that a plaintiff plead and prove that a defendant has at the very least, operational control of significant aspects of the corporation's day-to-day functions. See *Dole v. Elliott Travel & Tours, Inc*., 942 F.2d 962 (6th Cir. 1991).

In *Lopez v. Silverman*, 14 F. Supp. 2d 405 (S.D.N.Y. 1998), the Court found that an individual corporate officer could be deemed an employer under the FLSA where that individual had overall operational control of the corporation, possesses ownership of it, controls significant

functions of the business, or determines employees' salaries and makes hiring decisions.

The 11th Circuit has also made it clear in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008) that the plaintiff needed to prove that the defendant "was either involved in the day-to-day operation of the Longwood racetrack facility or was directly responsible for the supervision of employees during the relevant years."

The 11th Circuit held in *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488 (11th Cir.1993) that the fundamental test is the "hiring party's right to control the manner and means by which the work is accomplished."

The claims pursuant to the Federal Labor Standards Act and the WARN Act, which are Counts I, II, and III, are each concerned with employers defined by 29 U.S.C. 203(d) and require that an employer be actively engaged in control over the employees. This was not within the scope of CHRISSY GARIANO's job.

Counts IV and Count V allege claims pursuant to the Florida Constitution, Article X, Section 24. Subsection (b) of that section provides that the term employer shall "shall have the meanings established under the federal Fair Labor Standards Act (FLSA)." As Mrs. GARIANO is not an employer pursuant to the FLSA, she is not an employer pursuant to the Florida Constitution.

Moreover, Counts IV and Count V also are claims pursuant to the Connecticut minimum wage statute, CT Gen Stat § 31-72, and 43 P.S. § 260.10. The word "Employer" as used in Conn.Gen.Stat.Ann. § 31-72 means an individual who is possessed with the ultimate authority and control of a corporation who is the one who sets the hours of employment and pay wages and is specifically the one who failed to pay the wages. See *Butler ex rel. Skidmore v. Hartford Tech. Inst.*, 704 A.2d 222, (Conn. 1997).

Hence, all of the counts must be dismissed for the Plaintiffs' total failure to plead any facts which would support an allegation, which was also not pled, that the Defendant, CHRISSY GARIANO was either involved in the day-to-day operation of any of the business entities which were allegedly in violation of the FLSA, the Constitution of the State of Florida, or the statutes of the State of Connecticut or was directly responsible for the supervision of employees during the relevant time period.

WHEREFORE, the Defendant, CHRISSY GARIANO, asks that this Court grant the Motion to Dismiss the First Amended Complaint, and grant such further and other relief as this Honorable Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 19th day of August, 2024, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

Respectfully submitted,

  /s/ Peter Ticktin
Peter Ticktin, Esquire
Florida Bar No. 887935
Serv512@LegalBrains.com
Roosevelt Presume, Esquire
Florida Bar No.
Serv522@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: () 570-6757

## SERVICE LIST

**Ryan D. Barack**
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
**Michelle Erin Nadeau**
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
**Kwal1 Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

**Michael A. Pancier**
Fla. Bar No. 958484
Email: mpancier@Pancierlaw.com
**Michael A. Pancier, P.A.**
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
Attorney for Plaintiffs