IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO: 24-cv-80787-DMM/Matthewman

MIA WILLIAMS, BRITTANY
CALVERT, DEDTRA DAVIS,
AND ALISA LEGGETT,

      Plaintiff,

v.

RETREAT BEHAVIORAL
HEALTH, LLC, ET AL,

      Defendant.
_____/

**DEFENDANT ALEXANDER HOINSKY'S REPLY
TO PLAINTIFFS' RESPONSE TO
<u>MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

    The Defendant, ALEXANDER HOINSKY, by and through his undersigned attorneys, hereby serves his Reply to the Plaintiffs' Response to Mr. HOINSKY's Motion to Dismiss the Plaintiffs' First Amended Complaint, and states:

    It is a little disappointing that the Plaintiff failed to look into the situation and realize that ALEXANDER HOINSKY was not involved in any way with the management of the employees or any operational control over any of the company's functions.

    As such, the issue remains, which is whether it is sufficient to hale a defendant into court based only on the fact that he had the title of "Chief Financial Officer," and no other direct averments. A title, alone is not sufficient, nor is it sufficient to assume that there are specific duties under a particular title. Perhaps, Chief Executive Officer would be different, as that title is defined

by statute, but a Chief Financial Officer could be almost anything.

In fact, the Plaintiffs have not responded by indicating how they could re-plead their case, as any allegations that he had control of the operations of the company would be completely unfounded.

As the Motion to Dismiss specifically stated that ALEXANDER HOINSKY did not possess or use "any power to hire and fire employees, set work schedules for those employees, represented that he was an owner, was responsible for management structure, made compensation decisions, or received reports from managers," and that " his duties did not involve anything to do with the employees," it was incumbent on the Plaintiffs to advise as to how they could possibly correct the Complaint to make proper allegations against Mr. HOINSKY.

Instead, the Plaintiffs exaggerated what the Complaint states. They said that the Complaint "alleges that Defendant Hoinsky, the Chief Financial Officer, had a significant role in the financial and operational aspects of the company that influenced employment conditions." This is not true, as stated.

Yes, the Complaint does include Mr. HOINSKY as one of the "Individual Defendants," and it does make the general allegations that the Individual Defendants were "senior management" who acted "directly or indirectly in the interests of the Retreat in relation to the Plaintiffs. It also averred that the Individual Defendants failed to pay the Plaintiffs.

However, the Plaintiffs did not and cannot truthfully allege that Mr. HOINSKY was involved in the day-to-day operations and had financial control. Yet, they argued that the allegations that are stated in the prior paragraph "are consistent with the Eleventh Circuit's interpretation in *Spears*, where a supervisor involved in day-to-day operations and having some financial control was deemed an employer under the FLSA."

It is true that the allegations are consistent with the allegations which were omitted, but so would the allegation that Mr. HOINSKY breathes or worked at the company. Being "consistent" with necessary allegations is not the same as averring the necessary allegations.

The Motion to Dismiss is not simply an exercise in requiring that the Plaintiffs cross their proverbial t's and dot their i's. As Rule 11 puts an obligation on the Plaintiffs' attorneys to make a reasonable inquiry, and any reasonable inquiry would prevent the inclusion of Mr. HOINSKY in an amended complaint.

WHEREFORE, the Defendant, ALEXANDER HOINSKY, asks that this Court grant the Motion to Dismiss the First Amended Complaint, and grant such further and other relief as this Honorable Court may deem just and proper.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 26th day of August, 2024, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

  /s/ Peter Ticktin
Peter Ticktin, Esquire
Florida Bar No. 887935
Serv512@LegalBrains.com
Roosevelt Presume, Esquire
Florida Bar No.
Serv522@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: () 570-6757

## **Service List**

**Ryan D. Barack**
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
**Michelle Erin Nadeau**
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
**Kwal1 Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

**Michael A. Pancier**
Fla. Bar No. 958484
Email: mpancier@Pancierlaw.com
**Michael A. Pancier, P.A.**
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
Attorney for Plaintiffs