**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO: 24-cv-80787-DMM/Matthewman

**MIA WILLIAMS, ET AL.,**

    *Plaintiffs,*

v.

**RETREAT BEHAVIORAL**
**HEALTH, LLC, ET AL.,**

    *Defendants.*

_____/

**PLAINTIFFS' CONSENTED MOTION TO MODIFY THE TRIAL DATE**

Plaintiffs, Mia Williams, Brittany Calvert, Dedtra Davis, and Alisa Leggett, on their own behalf and on behalf of a proposed class of similarly situated employees, hereby move to request this Court to reschedule the March 10, 2025 trial date to a later date due to the nature of this matter, as set forth below.

1. On August 27, 2024, Judge Middlebrooks set this matter for trial on March 10, 2025 and referred the case to Magistrate Judge Matthewman to conduct a scheduling conference. [Doc. 39].

2. On August 28, 2024, Judge Matthewman set a scheduling conference for September 6, 2024. [Doc. 40].

3. The order setting the scheduling conference stated that any motion to modify the trial date must be filed two business days prior to the scheduling conference and must state the basis for the request, detailed factual support, and a compelling reason for rescheduling the trial.

4. Since this matter has been brought as a class and collective action, the parties will need additional time to allow for the Court to determine whether class certification is appropriate and sufficient time to provide the potential class members with notice and an opportunity to opt out/in.

5. WARN Act claims are particularly amenable to class action litigation in that the statute specifically contemplates the appropriateness and effectiveness of a class action and provides that an "aggrieved employee" may pursue the remedies provided in the Act on their own behalf and for "others persons similarly situated." 29 U.S.C. §2104(a)(5) and 2104(a)(7); *see also Jones v. Jerome Golden Ctr. for Behav. Health, Inc.*, No. 9:19-CV-81422, 2020 WL 3118311, at *3 (S.D. Fla. Mar. 26, 2020)("courts have described WARN Act lawsuits as 'particularly amenable' to the class vehicle because the WARN Act applies only to actions affecting large numbers of employees.").

6. The certification of the class will require motion practice and it is possible that some of the Defendants will oppose certification of the class.

7. After certification, but prior to providing notice to potential class members, records from third party payroll processing companies will need to be obtained so the class members can be identified.

8. Undersigned counsel has handled a number of similar class actions and, in their experience, following the court's certification of a class and receipt of the contact information for the class members, the notice and opt-in process alone takes at least an additional 90 days.

9. Further, in this case, two key decisions makers committed suicide and died at the same time as the mass layoffs/plant shutdowns. These deaths will cause additional delays.

10. For Peter Schorr, an estate has been opened. The undersigned counsel spoke with counsel for the proposed personal representative and was informed that a personal representative has not yet been formally appointed and the first hearing in the estate matter is not set until the middle of September 2024.

11. For Scott Korogodsky, it does not appear that an estate has been opened yet.

12. Further, a temporary receiver has been appointed for one of the corporate entities (NR Pennsylvania Associates, LLC) and a receiver has been proposed in another (NR Florida Associates, LLC). It also appears that a separate receiver may have been appointed for other entities. This will cause delays as the receivers navigate the ongoing business and finances of these entities.

13. Plaintiffs are committed to litigating this case in an efficient manner consistent with Fed.R.Civ.P. 1. However, due to the complexity of prosecuting a class and collective action, generally, and the unique factors in this case, specifically, Plaintiffs estimate that it is very unlikely that this matter will be able to be tried prior to the fall of 2025, at the earliest.

## MEMORANDUM OF LAW

The Eleventh Circuit has explained the standard for modifying a court's scheduling order:

> A district court's "scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

*Harris v. Reverse Mortg. Sols. Inc.*, 800 F. App'x 708, 711 (11th Cir. 2020). Thus, where a party can show good cause for modifying the trial date and the request is not due to the party's own lack of diligence, the Court should modify the schedule. *See Al-Saadi v. AnnChery Fajas USA, Inc.*,

20-CV-23937, 2022 WL 2056802, at *3 (S.D. Fla. May 13, 2022), *report and recommendation adopted,* 20-CV-23937, 2022 WL 2174237 (S.D. Fla. June 16, 2022)(granting extension of discovery deadline where the court found that "the parties have demonstrated good cause for the discovery delays and that the failure to meet the current deadline was not the result of a lack of diligence on their part").

In this case, a series of factors will impact upon the ability to try this matter in March 2025. Plaintiffs have shown good cause, none of which is due to their own lack of diligence. Further, Plaintiffs have brought these matters to the Court's attention at their first opportunity.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court continue the March 10, 2025 date to a later date.

## STATEMENT OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel conferred with counsel for Defendants Coal Lake Worth, LLC, Coal New Haven, LLC, Coal Capital Ephrata, LLC, Coal Capital Group, LLC, HFGC Florida, LLC, David Silberstein, CLW Holdings, LLC, Coal Capital Holdings (Florida) LLC, Coal Connecticut, LLC, Chrissy Gariano, and Alexander Hoinsky and Defendants consent to the relief requested herein. Undersigned counsel also conferred with counsel for James Young, who was appointed receiver for NR Pennsylvania Associates, LLC and he also consents to the relief requested herein. The remaining defendants have not yet responded to the Amended Complaint so conferral is not possible.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

Michael A. Pancier
Fla. Bar No. 958484
Email: mpancier@pancierlaw.com
Michael A. Pancier, P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 3rd day of September 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

/s/ Ryan D. Barack
Attorney