**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

CASE NO: 24-cv-80787-DMM/Matthewman

**MIA WILLIAMS, ET AL.,**

   *Plaintiffs,*

v.

**RETREAT BEHAVIORAL
HEALTH, LLC, ET AL.,**

   *Defendants.*

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT
CHRISSY GARIANO'S MOTION TO DISMISS**

Plaintiffs, Mia Williams, Brittany Calvert, Dedtra Davis, and Alisa Leggett, on their own behalf and on behalf of a proposed class of similarly situated employees, hereby respond to Defendant Chrissy Gariano's Motion to Dismiss the First Amended Complaint. As set forth below, Plaintiffs assert that the First Amended Complaint adequately alleges sufficient facts to establish that Defendant Gariano is an "employer" under the Fair Labor Standards Act (FLSA), and similar state laws.

**I.    LEGAL STANDARD**

In considering a motion to dismiss, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir.1999). A motion to dismiss will only be granted if the complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, the complaint must be viewed in the light

most favorable to the plaintiff. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir.1986). In deciding a motion to dismiss, a court may only examine the "four corners" of the complaint and any matters incorporated therein, and not matters outside the complaint. *See Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000).

II.   ARGUMENT

   **A. Defendant Gariano's Role as an Employer Under the FLSA**

The FLSA defines an employer very broadly to include any person acting directly or indirectly in the interest of an employer in relation to an employee. See 29 U.S.C. § 203(d). The Eleventh Circuit has interpreted this definition broadly to include individuals with operational control over significant aspects of the company's functions, even if such control is indirect. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

Recently in *Spears v. Bay Inn & Suites Foley, LLC*, 105 F.4th 1315, 1319 (11th Cir. 2024), the Eleventh Circuit found that an individual could be deemed an employer under the FLSA where the individual had operational control over significant aspects of the company's functions, even if not directly involved in employee compensation decisions. The Eleventh Circuit emphasized "the Act and our precedents state that individual liability is not limited to upper management and executives. The definition of 'employer' is broad." *Id*.

As recently noted by the Chief Judge Altonaga, in denying a motion to dismiss in an FLSA case,

> [c]ertainly, "[t]he statutory definition of 'employer' is [ ] broad; it encompasses both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.' " *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (alterations added; quoting 29 U.S.C. § 203(e)(1))." The Eleventh Circuit has "accordingly held that the FLSA contemplates that a covered employee

2

may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Id.* (citation omitted).

*Toloza v. Ruiz*, No. 24-22033-CIV, 2024 WL 3649869, at *3 (S.D. Fla. Aug. 5, 2024).

Plaintiffs have alleged that Defendant Gariano was the Chief Regulatory Officer of Retreat. As such, she would have been the chief officer involved in the compliance oversight and management of the company, which included decisions impacting payroll and financial policies that directly affected employees. In *Spears*, the court found that an individual could be deemed an employer under the FLSA where the individual had operational control over significant aspects of the company's functions, even if not directly involved in employee compensation decisions. *Spears*, 105 F. 4th at 1319.

The First Amended Complaint provides sufficient factual detail to meet the pleading requirements. Specifically, Paragraph 28 states that "[a]t all times material to this action, Defendant Chrissy Gariano was the Chief Regulatory Officer of Retreat." Within the Complaint, Gariano and other individuals are referred to as the "Individual Defendants." The Amended Complaint alleges that the Individual Defendants were the employer of the Plaintiffs under the FLSA and Florida, Connecticut, and Pennsylvania law (¶31); that the Individual Defendants were the corporate officers and senior management of Retreat (¶53); that the Individual Defendants acted directly or indirectly in the interests of Retreat in relation to Plaintiffs (¶54); that the Individual Defendants failed to pay Plaintiffs and other employees on May 24, 2024, June 7, 2024, and June 21, 2024 (¶¶55, 57, 59). These allegations are consistent with the Eleventh Circuit's interpretation in *Spears*, where a supervisor involved in day-to-day operations and having some financial control was deemed an employer under the FLSA. *Id*.

Plaintiffs also assert that the definition of an employer under the Florida Constitution and Connecticut law is similarly broad and encompasses individuals who, directly or indirectly, impact employment conditions. The allegations in the Complaint sufficiently establish that Defendant Gariano had such an impact.

If the Motion is granted, Plaintiffs request leave to amend.[1]  *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)("district court must generally permit a plaintiff an opportunity to cure deficiencies before dismissing a claim or complaint with prejudice.").

## III.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Defendant Gariano's Motion to Dismiss the First Amended Complaint.

        Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

-and-

---

[1]  Plaintiffs also wish to be mindful that there are several Defendants who have filed motions to dismiss the Amended Complaint and it may promote efficiency and conserve judicial resources to allow any necessary amendments to take place after the Court has ruled on any other possible motions to dismiss that may be filed.

<u>Michael A. Pancier</u>
Michael A. Pancier
Fla. Bar No. 958484
Email: mpancier@pancierlaw.com
Michael A. Pancier, P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 3rd day of September 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

<u>/s/ Ryan D. Barack</u>
Attorney
