IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO: 24-cv-80787-DMM/Matthewman

MIA WILLIAMS, BRITTANY
CALVERT, DEDTRA DAVIS,
AND ALISA LEGGETT,

      Plaintiff,

v.

RETREAT BEHAVIORAL
HEALTH, LLC, ET AL,

      Defendant.
_____/

## DEFENDANT CHRISSY GARIANO'S REPLY TO PLAINTIFFS' RESPONSE TO <u>MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>

The Defendant, CHRISSY GARIANO, by and through his undersigned attorneys, hereby serves his Reply to the Plaintiffs' Response to Mr. HOINSKY's Motion to Dismiss the Plaintiffs' First Amended Complaint, and states:

The Plaintiff failed to fully address the issue that there were no specifics plead in the Amended Complaint against Mrs. Gariano.

The only fact that the Plaintiff can assert against Mrs. Gariano is that she was given a title of being "Chief Regulatory Officer" of Retreat. However, they are then making the leap that this Court should understand that the title, in an of itself, that Mrs. Gariano had operational control of certain aspects of Retreat.

Unfortunately, which aspects she controlled is not explained, as the Plaintiffs cannot advise

of any. A title alone is not sufficient, nor is it sufficient to assume that there are specific duties under a particular title. Perhaps, the title of "Chief Regulatory Officer" would be different if that title is defined by statute or in the corporate records, but it is not. A Chief Regulatory Officer's duties could be almost anything.

The Plaintiff stated that by the Amended Complaint alleging that Mrs. Gariano was the Chief Regulatory Officer:

> she would have been the chief officer involved in the compliance oversight and management of the company, which included decisions impacting payroll and financial policies that directly affected employees. In Spears, the court found that an individual could be deemed an employer under the FLSA where the individual had operational control over significant aspects of the company's functions. . .

This is just something imagined by the Plaintiffs who are talking through their hats. They are just making this up. There is no explanation of what a Chief Regulatory Officer would do for a rehabilitation company. She was not the Chief Compliance Officer, and even if she was, it is not known what those duties would have been.

Yes, the Complaint does include Mrs. Gariano as one of the "Individual Defendants," and it does make the general allegations that the Individual Defendants were "senior management" who acted "directly or indirectly in the interests of the Retreat in relation to the Plaintiffs. It also averred that the Individual Defendants failed to pay the Plaintiffs.

However, the Plaintiffs did not and cannot truthfully allege that Mrs. Gariano was involved in the day-to-day operations and had financial control. Yet, they argued that the allegations that are stated in the prior paragraph "are consistent with the Eleventh Circuit's interpretation in *Spears*, where a supervisor involved in day-to-day operations and having some financial control was deemed an employer under the FLSA."

It is true that the allegations are consistent with the allegations which were omitted, but so would the allegation that Mrs. Gariano breathes or worked at the company. Being "consistent" with necessary allegations is not the same as averring the necessary allegations.

The Motion to Dismiss is not simply an exercise in requiring that the Plaintiffs cross their proverbial t's and dot their i's. As Rule 11 puts an obligation on the Plaintiffs' attorneys to make a reasonable inquiry, and any reasonable inquiry would prevent the inclusion of Mrs. Gariano in an amended complaint.

In fact, the Plaintiffs have not responded by indicating how they could re-plead their case, as any allegations that he had control of the operations of the company would be completely unfounded.

Before this Court should grant leave to amend, the Plaintiffs should have shown how they could possibly correct the Complaint to make proper allegations against Mrs. Gariano. They failed to do so.

WHEREFORE, the Defendant, CHRISSY GARIANO, asks that this Court grant the Motion to Dismiss the First Amended Complaint, and grant such further and other relief as this Honorable Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 9th day of September, 2024, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

　/s/ Peter Ticktin_____
Peter Ticktin, Esquire
Florida Bar No. 887935
Serv512@LegalBrains.com
Roosevelt Presume, Esquire
Florida Bar No.
Serv522@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: () 570-6757

**Service List**

**Ryan D. Barack**
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
**Michelle Erin Nadeau**
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
**Kwal1 Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

**Michael A. Pancier**
Fla. Bar No. 958484
Email: mpancier@Pancierlaw.com
**Michael A. Pancier, P.A.**
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
Attorney for Plaintiffs