UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-cv-80787-DMM

MIA WILLIAMS, et al.,

        Plaintiffs,

 v.

RETREAT BEHAVIORAL HEALTH, LLC, et al.,

        Defendants.

_____/

## UNOPPOSED MOTION TO SET ASIDE CLERK'S DEFAULT AND TO SET RESPONSIVE PLEADING DATE

Defendants, NR Florida Associates, LLC ("NR Florida"), NR Pennsylvania Associates LLC ("NR Pennsylvania"), Coal Lake Worth, LLC ("Coal Lake Worth"), HFGC Florida, LLC ("HFGC"), and James Young, in his capacity as Temporary Receiver of NR Pennsylvania Associates, LLC ("Young") (referred to collectively as "Defendants"), by and through undersigned counsel, hereby file this Unopposed Motion to Set Aside Clerk's Default and to set a responsive pleading deadline. In support of this Motion, Defendants state as follows:

1. On June 27, 2024, Plaintiffs filed a Class Action Complaint and Demand for Jury Trial against Defendants. (Doc. 1).

2. On July 17, 2024, Plaintiffs filed a First Amended Class Action Complaint and Demand for Jury Trial ("First Amended Complaint") against Defendants (Doc. 4).

3. Defendant, Coal Lake Worth, was served with the Summons and a copy of the First Amended Complaint on July 24, 2024. (Doc. 17).

4.      Defendant, HFGC, was served with the Summons and a copy of the First Amended Complaint on July 24, 2024. (Doc. 18).

5.      Defendant, NR Florida, was served with the Summons and a copy of the First Amended Complaint on July 29, 2024. (Doc. 19).

6.      Defendant, NR Pennsylvania, was served with the Summons and a copy of the First Amended Complaint on July 29, 2024. (Doc. 26).

7.      Plaintiffs served the Summons and copies of the First Amended Complaint on the NR Florida's and NR Pennsylvania's Registered Agent. However, before this action was commenced, Defendants ceased operations. Therefore, the Registered Agent had no one to whom they could forward the Summons.

8.      As a result, NR Florida, NR Pennsylvania, HFGC, and Coal Lake Worth were not aware that the First Amended Complaint had been served and inadvertently failed to respond to the First Amended Complaint by the deadline.

9.      Defendant Young, who is a Defendant only because he was appointed as receiver over NR Pennsylvania and is only a Defendant as such, has not been served.  However, Young, as receiver, is willing to waive formal service and to answer or otherwise plead on the same day as NR Pennsylvania.

10.     On August 26, 2024, Plaintiffs filed a Motion for Clerk's Defaults as to NR Florida and NR Pennsylvania. (Doc. 35).

11.     On August 27, 2024, The Clerk entered a Clerk's Default against NR Florida and NR Pennsylvania pursuant to Fed. R. Civ. P. 55(a). (Doc. 37).

12.     After learning of the action and the default, Defendants retained the undersigned to represent them in this action.

13.     On September 12, 2024, counsel for Defendants conferred with counsel for Plaintiffs, and Plaintiffs do not oppose the relief sought in this Motion.

14.     Defendants now move unopposed for an order setting aside the Clerk's Default.

15.     Should this Court grant this Motion, Defendants respectfully request that the deadline for the Defendants to file a responsive pleading to the First Amended Complaint be set for fourteen (14) days after the Clerk lifts the default.

## MEMORANDUM OF LAW

A clerk's default may be set aside for good cause. Fed. R. Civ. P. 55(c). Good cause can be established by considering a variety of factors, including, but not limited to, the failure to file a response was not culpable or willful, setting aside the default would not result in prejudice to the opposing party, and the defaulting party has promptly worked to vacate the default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The Eleventh Circuit "strive[s] to afford a litigant his or her day in court, if possible," and has expressed a "strong preference that cases be heard on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) (internal citations omitted); *see also Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits.").

### A.   Failure to Timely File a Responsive Pleading Was Neither Culpable Nor Willful.

NR Florida's and NR Pennsylvania's initial failure to respond to the First Amended Complaint by August 19, 2024, was neither culpable nor willful. Rather, NR Florida and NR Pennsylvania had ceased operations before this action was commenced, so none of their employees were available to receive the copies of the First Amended Complaint after Plaintiffs

3

served their Registered Agent. As such, NR Florida and NR Pennsylvania did not become aware of the First Amended Complaint, at which point they promptly retained counsel to file the instant motion and defend this action.

**B.** **Setting Aside Default Would Not Result in Prejudice to Plaintiffs.**

The Clerk only recently entered Default on August 27, 2024. Therefore, setting aside the default will not result in prejudice to Plaintiffs. Further, this Court entered an Order setting a deadline of September 18, 2024, for Plaintiffs to file a Motion for Final Default Judgment. Plaintiffs are yet to do so. Therefore, this Motion is being filed well within the timeframe.

On the other hand, should the Clerk's Default not be vacated, NR Florida and NR Pennsylvania would be greatly prejudiced as they would be deprived of their day in court and their opportunity to defend this action on the merits. Moreover, NR Florida and NR Pennsylvania have meritorious defenses that they believe will lead to their successful defense of the Plaintiffs' claims.

Lastly, counsel for Defendants has conferred with counsel for Plaintiffs and Plaintiffs do not oppose the relief sought in this Motion.

**C.** **Defendants Have Acted Promptly to Vacate the Default.**

Lastly, NR Florida and NR Pennsylvania, with this Motion, are acting promptly to vacate the Default entered by the Clerk. This Motion is being filed shortly after NR Florida and NR Pennsylvania learned of the Clerk's entry of default and the conferral between counsel for the Parties.

WHEREFORE, Defendants NR Florida Associates, LLC, NR Pennsylvania Associates LLC, Coal Lake Worth, LLC, HFGC Florida, LLC, and James Young, in his capacity as Temporary Receiver of NR Pennsylvania Associates, LLC, respectfully request that this Court

4

set aside the default entered by the Clerk in this action and grant any such further relief this Court deems just and proper. Defendants further request that this Court set the deadline for the Defendants to file a responsive pleading to the First Amended Complaint for fourteen (14) days after the Clerk lifts the default.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), counsel for Defendants has conferred with counsel for Plaintiffs via telephone and email on September 12, 2024, and Plaintiffs do not oppose the relief sought in this Motion.

Dated: September 17, 2024

Respectfully submitted,
s\ *Christopher M. Cascino*
Christopher M. Cascino, Esq.
Florida Bar No. 1022861
chris.cascino@ogletree.com
Daniel E. Kalter, Esq.
Florida Bar No. 1025094
daniel.kalter@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone:  813-289-1247
Facsimile:  813-289-6530
*Attorneys for Defendants NR Florida Associates, LLC, Coal Lake Worth, LLC, HFGC Florida, LLC and NR Pennsylvania Associates, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on September 17, 2024, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF which will send a notice of filing to all

counsel of record.

s\ *Christopher M. Cascino*_____
Christopher M. Cascino
