UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-80787-MIDDLEBROOKS/Matthewman

Mia Williams, et al.,

    Plaintiffs,

v.

RETREAT BEHAVIORAL HEALTH, LLC, et al.,

    Defendants.

_____/

## ORDER VACATING CLERK'S ENTRY OF DEFAULT AND GRANTING UNOPPOSED MOTION FOR EXTENSION OF TIME

THIS CAUSE is before the Court on Defendants NR Florida Associations, LLC, NR Pennsylvania Associates, LLC, Coal Lake Worth, LLC, HFGC Florida, LLC, and James Young, in his capacity as Temporary Receiver of NR Pennsylvania Associates, LLC's (collectively "Defendants") Unopposed Motion to Set Aside Clerk's Default and to Set Responsive Pleading Date, filed September 17, 2024. (DE 51). In their Motion, Defendants seek to set aside the Clerk's Entry of Default against two of their entities, NR Florida Associates, LLC, and NR Pennsylvania Associates, LLC. The Clerk entered default against these two entities, among others, on August 27, 2024. (DE 37). In addition, Defendants request that I set the deadline for all the moving Defendants entities to file a responsive pleading to the First Amended Complaint for fourteen (14) days after I lift the entry of default. For the following reasons, I grant the Motion.

Federal Rule of Civil Procedure 12 requires a defendant to serve an answer or pre-answer motion "within 21 days after being served with [process]." Fed. R. Civ. P. 12(a)(1)(A)(i), (b). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Defendants NR Florida Associates, LLC and NR Pennsylvania Associates, LLC failed to file a responsive pleading by August 19, 2024, because although their registered agents had been served, Defendants ceased operations soon thereafter. and therefore, the registered agents had no one to whom they could forward the Summons. (DE 51). Now the two entities have counsel and seek to defend this action. In addition, Defendant Young, serving in his appointed role of receiver over NR Pennsylvania Associates, LLC has not been served, but communicates that he is willing to waive formal service in order to answer or otherwise plead on the same day as NR Pennsylvania. (DE 51 at 2).

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "Good cause" is a liberal standard and "is not susceptible to a precise formula[.]" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (citation omitted). In determining whether to set aside an entry of default, courts may consider various factors, such as whether the defaulting party acted promptly to correct the default, whether the defaulting party may have a meritorious defense, and whether setting aside the entry of default would prejudice the non-movant. *Id.* (citation omitted). Further, district courts must also consider this Circuit's "strong preference that cases be heard on the merits[.]" *Id.* at 1342 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

Here, in light of the fact that Defendants NR Florida Associates, LLC and NR Pennsylvania Associates, LLC intend to defend this case on the merits, and given the reason that these Parties defaulted, I find good cause to set aside the clerk's entry of default.

Relatedly, all Defendant entities seek to extend, and make concurrent, their deadline to file a responsive pleading to the First Amended Complaint. (DE 51 at 3). The relief sought is unclear, however, as to which entity Defendants the Motion applies to. Defendants Coal Lake Worth, LLC and HFGC Florida, LLC have already filed a joint Motion to Dismiss on August 27, 2024. (DE

38). Thus, I discern that the Defendants moving for such relief are NR Pennsylvania and NR Florida, in addition to Defendant Young. In the interest of docket efficiency, I will grant the motion for extension of time.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

(1) Defendants NR Florida Associations, LLC, NR Pennsylvania Associates, LLC, Coal Lake Worth, LLC, HFGC Florida, LLC, and James Young, in his capacity as Temporary Receiver of NR Pennsylvania Associates, LLC's (collectively "Defendants") Unopposed Motion to Set Aside Clerk's Default (DE 51), is **GRANTED**.

(2) The Clerk's Entry of Default as to Defendants NR Florida Associations, LLC and NR Pennsylvania Associates, LLC, (DE 37), is **VACATED**.

(3) Defendants NR Pennsylvania, NR Florida, and Young's Motion for Extension of Time to file a responsive pleading to the First Amended Complaint is **GRANTED**. These Defendants must file an answer or responsive pleading to the First Amended Complaint **on or before October 4, 2024.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, ____ day of September, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record