**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO: 24-cv-80787-DMM/Matthewman

**MIA WILLIAMS, ET AL.,**

    *Plaintiffs,*

v.

**RETREAT BEHAVIORAL**
**HEALTH, LLC, ET AL.,**

    *Defendants.*

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS**
**NR FLORIDA ASSOCIATES, LLC, NR PENNSYLVANIA ASSOCIATES LLC,**
**COAL LAKE WORTH, LLC, HFGC FLORIDA, LLC, AND JAMES YOUNG,**
**IN HIS CAPACITY AS TEMPORARY RECEIVER OF NR PENNSYLVANIA**
**ASSOCIATES, LLC'S MOTION TO DISMISS [DE 61]**

Plaintiffs, Mia Williams, Brittany Calvert, Dedtra Davis, and Alisa Leggett ("Plaintiffs"), on their own behalf and on behalf of a proposed class of similarly situated employees, hereby respond to the Motion to Dismiss the First Amended Complaint [DE 61] filed by Defendants NR Florida Associates, LLC ("NRFL"), NR Pennsylvania Associates LLC ("NRPA"), Coal Lake Worth, LLC ("Coal Lake Worth"), HFGC Florida, LLC ("HFGC"), and James Young, in his capacity as Temporary Receiver of NR Pennsylvania Associates, LLC (collectively "Defendants"). As set forth below, Plaintiffs assert that the First Amended Complaint adequately alleges sufficient facts to establish that Defendants are an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), the Worker Adjustment and Retraining Notification Act ("WARN Act"), and similar state laws.

## I. LEGAL STANDARD

In considering a motion to dismiss, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United States v. Pemco Aeroplex, Inc*., 195 F.3d 1234, 1236 (11th Cir.1999). A motion to dismiss will only be granted if the complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Moreover, the complaint must be viewed in the light most favorable to the plaintiff.  *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir.1986). In deciding a motion to dismiss, a court may only examine the "four corners" of the complaint and any matters incorporated therein, and not matters outside the complaint. *See Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000).

## II. ARGUMENT

### A.    Plaintiffs Have Adequately Alleged that Defendants are Employers Under the FLSA.

The FLSA defines an employer very broadly to include any person acting directly or indirectly in the interest of an employer in relation to an employee.  *See* 29 U.S.C. § 203(d).  The FLSA allows for two or more entities or persons to be the employer of one person.

> Under the FLSA, an "enterprise" is defined as "related activities (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units...." 29 U.S.C. § 203(r)(1). The "statutory provision requires the existence of three elements: (1) related activities; (2) unified operation or common control; and (3) a common business purpose." *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir. 1984). "[I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one

employment for purposes of the Act." *Hernandez v. Art Deco Supermarket,* 2013 WL 5532828, at *3 (S.D. Fla. Oct. 4, 2013) (quoting 29 C.F.R. 791.2(a)).

*Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F. Supp. 3d 1252, 1258 (S.D. Fla. 2020)(denying motion to dismiss for failure to allege joint employment/common enterprise).  As recently noted by the Chief Judge Altonaga, in denying a motion to dismiss in an FLSA case,

> [c]ertainly, "[t]he statutory definition of 'employer' is [ ] broad; it encompasses both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.' " *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (alterations added; quoting 29 U.S.C. § 203(e)(1))."  The Eleventh Circuit has "accordingly held that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Id.* (citation omitted).

*Toloza v. Ruiz*, No. 24-22033-CIV, 2024 WL 3649869, at *3 (S.D. Fla. Aug. 5, 2024).  In *Spears*, the court found that an individual could be deemed an employer under the FLSA where the individual had operational control over significant aspects of the company's functions, even if not directly involved in employee compensation decisions.  *Spears*, 105 F. 4th at 1319.

Plaintiffs also assert that the definition of an employer under the Florida Constitution and Connecticut law is similarly broad and encompasses individuals who, directly or indirectly, impact employment conditions. The allegations in the Complaint sufficiently establish that Defendants had such an impact.

The Amended Complaint asserts that NRFL and NRPA issued some of Plaintiffs' paychecks.  [¶44-45].  It also asserts that NRFL and NRPA were owned by DRPS Management, LLC, of which Peter Schorr was the sole member.  [¶47-48].  It further asserts that HFGC owns the property on which Retreat operated, which is leased to Coal Lake Worth, which then leased the property to NRFA. [¶50].  While some of the interconnections between the companies require

some energy to unravel, NRFL and NRPA were the entities that directly employed the Plaintiffs and there can be no good faith argument that they were not employers for the purposes of state and federal wage laws.

Paragraphs 18-25 describe each of the Coal Defendants, including Coal Lake Worth and HFGC, and David Silberstein's control over them.  Paragraphs 47-52 describe how the Coal Defendants, including Coal Lake Worth and HFGC, owned NR Florida Associates, LLC, NR Pennsylvania Associates, LLC, and NR Connecticut, LLC – the entities that directly employed the Plaintiffs and potential class members – and that shells were used to own and lease property and all companies acted directly or indirectly as employers of the Retreat employees.  Paragraph 32 alleges that "[t]he Defendants are joint employers and/or an integrated or common enterprise, or predecessor and successor in interest."

Plaintiffs' allegations that Defendants all acted as a common or integrated enterprise and the allegations that NRFL and NRPA directly employed and paid the Plaintiffs as employees is sufficient to state a claim under the FLSA and state wage laws where, as here, the companies were all interrelated and had common ownership, purpose, and related activities.

B.      **Plaintiffs Sufficiently Allege the Defendants Are Employers for Purposes of the WARN Act**

The purpose of the WARN Act is to provide:

Protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs. Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market.

*Childress v. Darby Lumber, Inc*., 357 F. 3d 1000, 1004 (9th Cir. 2004) *quoting* 20 C.F.R. § 639.1. Employer liability under the WARN Act is "ultimately an inquiry into whether the two nominally separate entities operated at arm's length." *In re Tweeter OPCO, LLC*, 453 B.R. 534.

Understanding that employers will try to avoid WARN Act liability by creating specific and single purpose entities whose only purpose is to employ workers for parent or affiliate companies, courts have adopted the Department of Labor's ("DOL'') five-factor test to determine when a parent and subsidiary are a "single employer." Those factors are: (1) common ownership, (2) common directors and officers, (3) de facto exercise of control, (4) unity of personnel policies, and (5) dependency of operations. *Guippone v. BHS & B Holdings LLC, et al.*, 737 F. 3d 221, 226 (2d Cir. 2012); *Childress*, 357 F. 3d at 1004. In other words, courts have routinely held that "the 'wrongdoer' should not escape liability merely because 'corporate formalities' were observed." *Pearson v. Component Technology Corp.*, 247 F. 3d 471, 488 (3rd Cir. 2001).

Likewise, Defendants cannot shed liability by claiming someone else is the employer while it is clear that these entities existed only to serve each other. In this case, Plaintiffs have sufficiently pled the elements of the five-factor test.

### i.    Common Ownership

Common ownership is the "least important" factor and it along with the other factors provide guide posts to determine single employer status. *Childress v. Darby Lumber, Inc*., 357 F. 3d 1000, 1005 (9th Cir. 2004). Logically, actual ownership alone satisfies the common ownership factor. Here, ultimately, all companies were owned by Peter Schorr and David Silberstein. Paragraph 25 states that "[a]t all times material to this action, David Silberstein controlled the Coal Entities."  Paragraph 37 states that "Peter Schorr and David Silberstein through their various corporations had the *de facto* exercise of control over all Retreat Defendants."  Financial control

is sufficient to satisfy the common ownership factor. *Pearson v. Component Technology Corp.*, 247 F. 3d 471, 494 (3d Cir. 2001). *In re Tweeter OPCO, LLC*, 453 B.R. 534, 542; *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1362 (10th Cir. 1993).

*ii.*      *Common Directors and Officers*

Similar to the common ownership factor, this factor is sufficiently pled by detailing that Mr. Silberstein controlled the Coal Entities and that Mr. Schorr and Mr. Silberstein, through their various corporations, had the *de facto* exercise of control over all Retreat Defendants.

This factor examines whether the companies share the same individuals that make part of each company's management team. *In re Tweeter OPCO, LLC*, 453 B.R. at 543 (referencing that "the test should look only to whether some of the same individuals comprise or, at some point, did comprise the formal management team of each company"). *See also In re APA Transport Corp. Consol. Litigation,* 541 F.3d 233 (3d Cir. 2008)(where there are the same stockholders, presidents, and vice-presidents, the common directors and officers standard is undisputed). Hence, the common directors' and officers' factor is sufficiently pled.

*iii.*      *De Facto Exercise of Control*

When considering *de facto* exercise of control, courts look to who was the ultimate decision-maker responsible for the employment practice giving rise to the litigation. *In re Tweeter OPCO, LLC*, 453 B.R. at 543; *See also Childress v. Darby Lumber, Inc*., 357 F.3d 1000, I 006 (9th Cir. 2004)(finding *de facto* control where management of the subsidiary would ultimately answer to the higher management of the parent company). The *de facto* exercise of control carries special weight in the five-factor test. *Pearson*, 247 F.3d at 504 (if the control is particularly egregious then liability is warranted*); See also Local 397*, 779 F. Supp. At 799 ("de facto exercise of control is

6

perhaps the most compelling factor that the court will examine"). Here, Mr. Schorr's actual and Mr. Silberstein's *de facto* exercise of control through the various entities is sufficiently pled.

> iv.     *Unity of Personnel Policies*

Whether nominally separate corporations actually maintain identical personnel policies is not dispositive to a finding of single employer liability. *In re Tweeter OPCO, LLC*, 453 B.R. at 545 (citing Pearson, 247 F.3d at 490)(finding it is proper to consider whether the two companies engaged in centralized hiring, firing, payment of wages, and personnel and benefits record keeping); *See also In re Consol. Bedding, Inc.*, 432 B.R. 115, 122 (Bankr. D. Del. 2010); *APA Trans.*, 541 F.3d at 245. For example, in *Childress*, BRC, a wholly-owned subsidiary of DLI, was found to operate as a single employer for the purposes of the WARN Act even though it had different personnel policies and separate employment policies. 357 F.3d at 1006. Thus, whether some entities might have had distinct policies and maintained personnel files separately is not crucial to finding liability as a single employer.  *In re Tweeter OPCO, LLC*, 453 B.R. at 545-546 (concluding the unity of personnel policies factor was not established, but holding the company and entity were still liable as "single employer"); *Childress,* 357 F. 3d at 1006 (parent company showed significant differences in personnel policies between the company and subsidiary, the court still held that the parent company and wholly-owned subsidiary constituted a "single employer").

As the Third Circuit in *NRLB v. Browning-Ferris Industries, Inc*. found, "single employer's status ultimately depends on all circumstances of the case and is characterized as an absence of an arm's-length relationship found among unintegrated companies." 691 F. 2d 1117, 1122 (3d Cir. 1982). Furthermore, "It should be noted that 'no one of the factors is conclusive; instead, the [court] must weigh the totality of the circumstances and determine whether the parent exercised

such pervasive control of the subsidiary at the policy-making level that the purposes of the labor laws are served by treating the two entities as one." *Local 397, Intern. Unions of Electronic, Elec. Salaried Machine and Furniture Workers, AFL-CIO v. Midwest Farmers, Inc.*, 779 F. Supp. 788, 796 (D.N.J. 1992)(*citing Esmark, Inc. v. NLRB*, 887 F. 2d 739, 753 (7th Cir. 1989)).

*v.*     *Dependency of Operations*

The final factor considers the general administrative structure and whether there was a "dependency of operations" between the companies. *In re AP A Transport Corp. Consol. Litigation*, 541 F.3d 233, 245 (3d Cir. 2008). This factor is also sufficiently pled. Like in *Childress*, the various entities existed solely for the purpose of providing services to each other.

The balancing of the factors is not a "mechanical exercise." *Guippone v. BH S & B Holdings, LLC*, 37 F.3d 221, 228 (2d Cir. 2013)(stating that if the *de facto* exercise of control is particularly striking, then liability under the WARN Act may be warranted even in the absence of the other factors). Plaintiffs have sufficiently alleged all of the factors at the motion to dismiss stage.

**C.     If the Court Grants Defendants' Motion, It Should Be Without Prejudice.**

If the Court is inclined to grant the Defendants' Motion, Plaintiffs would respectfully request leave to amend.[1]  *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)("district court must generally permit a plaintiff an opportunity to cure deficiencies before dismissing a claim or complaint with prejudice.").  Since the filing of the amended complaint,

---

[1]     Plaintiffs also wish to be mindful that there are several Defendants who have filed motions to dismiss the Amended Complaint and it may promote efficiency and conserve judicial resources to allow any necessary amendments to take place after the Court has ruled on any other possible motions to dismiss that may be filed.

more information has come to light and Plaintiffs could assert more details about how the entities all relate to each other.

## III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss the First Amended Complaint.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

-and-

Michael A. Pancier
Fla. Bar No. 958484
Email: mpancier@pancierlaw.com
Michael A. Pancier, P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217
Attorney for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

  **I HEREBY CERTIFY** that on this 28th day of October, 2024, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system.

            <u>/s/ Ryan D. Barack   </u>
             Attorney