**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

WEST PALM BEACH DIVISION
Case No. 24-cv-80787-DMM/Matthewman

**MIA WILLIAMS, BRITTANY CALVERT,
DEDTRA DAVIS, and ALISA LEGGETT**,
on their own behalf and on behalf of those similarly situated,

**Plaintiffs**,

v.

**RETREAT BEHAVIORAL HEALTH, LLC,**
a Florida Limited Liability Corporation, NR
**FLORIDA ASSOCIATES, LLC,**
a Florida Limited Liability Corporation,
**NR PENNSYLVANIA ASSOCIATES, LLC,**
a Pennsylvania Limited Liability Corporation,
**JAMES YOUNG, in his capacity as**
Receiver of NR Pennsylvania Associates, LLC,
**NR CONNECTICUT, LLC,** a Connecticut
Limited Liability Corporation,
**DRPS MANAGEMENT, LLC,** a Florida
Limited Liability Corporation
**COAL LAKE WORTH, LLC,** a Florida
Limited Liability Company,
**COAL CAPITAL HOLDINGS (FLORIDA), LLC,**
a Florida Limited Liability Corporation, **COAL
CONNECTICUT, LLC,**
a Connecticut Limited Liability Corporation
**COAL NEW HAVEN LLC,** a Connecticut
Limited Liability Corporation,
**COAL CAPITAL EPHRATA, LLC,**
a Pennsylvania Limited Liability Corporation,
**COAL CAPITAL GROUP, LLC,**
a New York Limited Liability Corporation,
**CLW HOLDINGS, LLC,**
a Florida Limited Liability Company, **HFGC
FLORIDA, LLC,**
a Florida Limited Liability Company,
**CHRISSY GARIANO, ALEXANDER HOINSKY, DAVID
SILBERSTEIN, ESTATE OF PETER SCHORR, and
ESTATE OF SCOTT KOROGODSKY,**

_____**Defendants.**_____/

**ESTATE OF PETER SCHORR'S MOTION TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant, the Estate of Peter Schorr, hereby moves to dismiss Plaintiffs' Second Amended Complaint because it alleges insufficient factual support to hold the Estate of Peter Schorr liable for the alleged failure to pay a week worth of wages to Plaintiffs, and as grounds states as follows:

**I.      Plaintiffs' Allegations**

Plaintiffs are four former employees of one of the Corporate Entities (Plaintiffs sue 13 separate companies). Plaintiffs allege that they were paid their payroll for May 6 through 19, 2024 on May 25, 2024 and their payroll for May 20, 2024 through June 2, 2024 on June 10, 2024. (Second Amended Complaint, ¶¶115-118) Although Plaintiffs claim these payrolls were late, they admit they were paid. (Id.) Peter Schorr died on June 21, 2024. (Id. ¶120). This was the same day that Plaintiffs' payroll from June 3, 2024 through June 16, 2024 would have been due. (Id. ¶119). Plaintiffs have now sued the Estate of Peter Schorr, claiming that he was an "employer" and responsible for the failure to make payroll the same day that he died.

In support of their contention that Peter Schorr was their "employer," Plaintiffs allege that he was a manager of Defendant RBH (Id. ¶11), a manager of NR Florida (Id ¶15), a manager of NR Pennsylvania (Id ¶20), a manager of NR Connecticut (Id ¶25), the manager of DRPS (Id ¶29), that he "exercised control over all Retreat Companies" (Id ¶73), served as the Chief Executive Officer for the Retreat Companies (Id ¶88), and was responsible for the day to day operations of the Retreat Companies (Id ¶92). Following Peter Schorr's death on June 21, 2024, other persons assumed responsibility for the management of the Retreat facilities. (Id. ¶¶99-100). Plaintiffs alleged that, after Peter Schorr died, "there was a company-wide decision to cease operations, to terminate employees, and not to pay employees their final wages …." (Id. ¶155).

Based upon these allegations, Plaintiffs conclude that Peter Schorr was Plaintiffs' employer and responsible for Plaintiffs' wages under the FLSA, Florida Law, Connecticut law, and Pennsylvania Law. (Id. ¶105). Plaintiffs' allegations regarding the Estate of Peter Schorr must fail because (1) insufficient factual support has been asserted as to Peter Schorr's relationship to any of the Plaintiffs, and because (2) he cannot be held liable from the grave for decisions that are alleged to have occurred on the date of his death and thereafter.

## II. <u>Standard on a Motion to Dismiss</u>

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting rule). All *well-pleaded* facts in the plaintiff's complaint and all <u>reasonable</u> inferences drawn from those facts must be regarded as true on a motion to dismiss. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. *Id.* In other words, a plaintiff's [f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2013) ("it is clear that in order to satisfy the requirements of Rule 8(a) the pleading must contain something more by way of a claim for relief than a . . . statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

Courts reviewing a complaint on a motion to dismiss are not required to abandon all common sense or to ignore their experience. In fact, the opposite is true:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its <u>judicial experience</u> and <u>common sense</u>. 490 F.3d, at 157–158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. 679 (emphasis added). A motion to dismiss should be granted when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. Plaintiffs' FLSA Claims and State Law Claims Against the Estate of Peter Schorr Should be Dismissed

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." <u>29 U.S.C. § 203(d)</u>. To hold an individual liable under the FLSA, a plaintiff must show that the individual defendant is "a corporate officer with operational control of a corporation's covered enterprise" that was "involved in the day-to-day operation or [had] some direct responsibility for the supervision of the employee." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).

To be liable under the FLSA, one must be an "employer". In deciding whether an employment relationship exists under the FLSA, courts look to the "economic reality" of the relationship between the parties. *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 887 (11th Cir. 2011). To survive a motion to dismiss, Plaintiffs must plead sufficient facts to make it plausible that, as a matter of economic reality, each of the Plaintiffs were employed by each Defendant.

*White v. J.A. W. Entm't, Inc.,* 23- CV-21260, 2023 WL 4763746, at *2 (S.D. Fla. July 26, 2023) ("The Court may properly address the economic realities test at the motion to dismiss phase.");

The Eleventh Circuit has developed an eight-factor test for assessing the "economic reality" of whether an individual is an employee of an employer. *See Valle v. AA and K Restoration Group, LLC*, 2020 WL 10055325, at *4 (S.D. Fla. Sept. 29, 2020). Those eight factors are (1) the nature and degree of control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the power to determine the pay rates or the methods of payment of the workers; (4) the right, directly or indirectly, to hire, fire, or modify the employment conditions of the workers; (5) preparation of payroll and the payment of wages; (6) ownership of the facilities where work occurred; (7) performance of a specialty job integral to the business; and (8) relative investment in equipment and facilities. Id. (citing *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1176 (11th Cir. 2012).

Other than alleging (upon information and belief and in a conclusory fashion) that Peter Schorr was responsible for the day-to-day operations of some of the corporate co-defendants, Plaintiffs provide no information relating to how any actions of Peter Schorr impacted any of the Plaintiffs, no information at all about any alleged control over Plaintiffs' compensation or the terms and conditions of their employment, no information regarding any supervision of Plaintiffs by Schorr, no information regarding preparation of payroll or payment of wages, no information regarding Peter Schorr's control over Plaintiffs.  Absent any factual allegations to support the conclusion that Peter Schorr exercised operational control over the terms and conditions of the Plaintiffs (and the purported collective Plaintiffs seek to represent), dismissal is appropriate.

More importantly, it defies logic that the Estate of Peter Schorr could be held liable for payroll that was not due until the very day that Mr. Schorr died.  There are no allegations that Peter

Schorr did anything to prevent the payment of wages to Plaintiffs, and upon his death could no longer be considered an "employer" under the FLSA (if he ever was one). *See Alvarez Perez,* 515 F.3d at 1154 (owner who no longer participated in operation of business after having a heart attack could not be held liable under the FLSA). The Estate of Peter Schorr simply cannot be held liable for decisions allegedly made after his death. Second Amended Complaint, ¶155.

A similar result is compelled under state law. Counts III, IV and Count V allege claims pursuant to the Florida Constitution, Article X, Section 24, CT Gen Stat § 31-72, and 43 P.S. § 260.10, respectively. As the Estate of Peter Schorr was not an employer of Plaintiffs pursuant to the FLSA, it is not an employer pursuant to the Florida Constitution or the Pennsylvania Minimum Wage Act ("PMWA") or the Wage Payment and Collection Law ("WPCL"). Florida Constitution, Article X, Section 24(b) (providing that the term employer shall "shall have the meanings established under the federal Fair Labor Standards Act (FLSA)."); *Bansept v. G&M Auto.,* 557 F.Supp. 3d 584, 590 (WPCL and PMWA are construed consistent with the FLSA).

Moreover, Counts IV and Count V also are claims pursuant to the Connecticut minimum wage statute, CT Gen Stat § 31-72, and 43 P.S. § 260.10. The word "Employer" as used in Conn.Gen.Stat.Ann. § 31-72 means an individual who is possessed with the ultimate authority and control of a corporation who is the one who sets the hours of employment and pay wages and is specifically the one who failed to pay the wages. See *Butler ex rel. Skidmore v. Hartford Tech. Inst.*, 704 A.2d 222, (Conn. 1997); *Mancini v. Concorde Grp., 2014 WL 10575398* (Pa. Super. Ct. Septe. 25, 2014) (to hold individual liable under Pennsylvania law, plaintiff must show an active role in the decision at issue). Plaintiffs have not alleged any facts that would support a claim under Pennsylvania law.

### IV. Conclusion

For the reasons set forth above, all of Plaintiffs' claims should be dismissed as to the Estate of Peter Schorr (Counts II, III, IV and V).

        Respectfully Submitted,

        /s  Robyn S. Hankins
        Robyn S. Hankins
        Florida Bar No. 0008699
        ROBYN S. HANKINS, P.L.
        1217 Merlot Dr.
        Palm Beach Gardens, FL 33410
        Telephone: (561) 721-3890
        Facsimile: (561) 721-3889
        robyn@hankins-law.com
        scott@hankins-law.com

## **CERTIFICATE OF SERVICE**

The foregoing has been served on February 18, 2025 through the CM/ECF filing system on:

| | |
|---|---|
| **Ryan D. Barack**<br>Primary Email:<br>rbarack@employeerights.com<br>Secondary Email:<br>jackie@employeerights.com<br>**Michelle Erin Nadeau**<br>Primary Email:<br>mnadeau@employeerights.com<br>Secondary Email:<br>jackie@employeerights.com<br>**Kwal1 Barack Nadeau PLLC**<br>304 S. Belcher Rd., Suite C<br>Clearwater, Florida 33765<br>(727) 441-4947<br>(727) 447-3158 Fax<br>Attorneys for Plaintiffs<br><br>**Michael A. Pancier**<br>Fla. Bar No. 958484<br>Email: mpancier@Pancierlaw.com<br>**Michael A. Pancier, P.A.**<br>9000 Sheridan Street, Suite 93<br>Pembroke Pines, FL 33024<br>Attorney for Plaintiffs<br><br>**Peter Ticktin, Esquire**<br>**Ryan Fojo, Esquire**<br>Florida Bar No. 887935<br>Serv512@LegalBrains.com<br>Roosevelt Presume, Esquire<br>Serv522@LegalBrains.com<br>**THE TICKTIN LAW GROUP**<br>270 SW Natura Avenue<br>Deerfield Beach, Florida 33441<br>Telephone: (561) 232-2222 | **Christopher Michael Cascino**<br>Ogletree, Deakins, Nash, Smoak , Stewart, P.C.<br>100 N. Tampa St.<br>Ste. 3600<br>Tampa, FL 33602<br>813-221-7227<br>Email: chris.cascino@ogletreedeakins.com<br><br>**Maja Veselinovic**<br>Ogletree Deakins Nash Smoak & Stewart<br>Labor & Employment<br>9130 S. Dadeland Boulevard<br>Suite 1625<br>Miami, FL 33156<br>727-271-9887<br>Email:<br>maja.veselinovic@ogletreedeakins.com<br><br>**Robert C. Perryman**<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>BNY Mellon Center Suite 3000<br>1735 Market Street<br>Philadelphia, PA 19103<br>(215) 995-2800<br>Email: robert.perryman@ogletreedeakins.com |