IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO: 24-cv-80787-DMM/Matthewman

MIA WILLIAMS, BRITTANY CALVERT, DEDTRA DAVIS, AND ALISA LEGGETT,

    Plaintiff,

v.

RETREAT BEHAVIORAL HEALTH, LLC, ET AL,

    Defendant.

_____/

**DEFENDANTS, COAL LAKE WORTH, LLC, COAL NEW HAVEN LLC
COAL CAPITAL EPHRATA, LLC, COAL CAPITAL GROUP, LLC
HFGC FLORIDA, LLC, DAVID SILBERSTEIN, CLW HOLDINGS LLC
COAL CAPITAL HOLDINGS (FLORIDA) LLC, COAL CONNECTICUT, LLC'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT
<u>AND MEMORANDUM OF LAW</u>**

The Defendants, COAL LAKE WORTH, LLC ("COAL LAKE WORTH"), COAL NEW HAVEN LLC ("COAL NEW HAVEN"), COAL CAPITAL EPHRATA, LLC ("COAL EPHRATA"), COAL CAPITAL GROUP, LLC ("COAL CAPITAL"), CLW HOLDINGS LLC ("CLW HOLDINGS"), COAL CAPITAL HOLDINGS (FLORIDA) LLC ("COAL FLORIDA"), COAL CONNECTICUT, LLC ("COAL CONNECTICUT") HFGC FLORIDA, LLC ("HFGC") (hereinafter collectively referred to as the "Corporate Movants"), and DAVID SILBERSTEIN by and through their undersigned attorneys, hereby Move this Court to Dismiss the Plaintiffs' Second Amended Complaint ("SAC"), and as grounds, states:

The Second Amended Complaint suffers the same fatal flaws as the First Amended

Complaint, it fails to draw any connection between the Corporate Defendants and DAVID SILBERSTEIN and the base allegations in the Second Amended Complaint. The SAC fails to allege with sufficient particularity that the corporate Movants' capacities were in regard to their positions which supposedly render them to be Employers other than general averments such as that the RETREAT, of RETREAT DEFENDANTS, they were all employers of the Plaintiffs.

The Plaintiffs have not plead with the required specificity to rise to the level of a Common Entity/Ownership, nor have they established that DAVID SILBERSTEIN and the Corporate Defendants were Managers or Employers of the Plaintiffs during the relevant time period. The allegations below, unsupported, simply contain base allegations as to what DAVID SILBERSTEINS' title (not his specific duties or responsibilities) may be within the various Corporate Entities.

- Peter Schorr and David Silberstein were Managers of RBH. (SAC ¶ 11).

- Peter Schorr and David Silberstein were Managers of NR Florida. (SAC ¶ 15).

- Upon information and belief, David Silberstein is currently the sole Manager of NR Florida. (SAC ¶ 16).

- Peter Schorr and David Silberstein were Managers of NR Pennsylvania. (SAC ¶ 20).

- Upon information and belief, David Silberstein is currently the sole Manager of NR Pennsylvania. (SAC ¶ 21).

- Peter Schorr and David Silberstein were Managers of NR Connecticut. (SAC ¶ 25).

- Upon information and belief, David Silberstein is currently the sole Manager of NR Connecticut. (SAC ¶ 26).

- David Silberstein is a Manager of Coal Lake Worth, along with Joseph Silberstein and Eli Silberstein. (SAC ¶ 32).

- David Silberstein is the sole Manager of HFGC. (SAC ¶ 35).

- David Silberstein is a Manager of CLW Holdings, along with Joseph Silberstein and Eli Silberstein. (SAC ¶ 39).

- David Silberstein is a Manager of CLW Holdings, along with Joseph Silberstein and Eli Silberstein. (SAC ¶ 43).

- David Silberstein is the Manager of Coal Connecticut. (SAC ¶ 46).

- David Silberstein is the Manager of Coal New Haven. (SAC ¶ 49).

- David Silberstein is a Manager of Coal Capital Group, along with Joesph Silberstein and Eli Silberstein. (SAC ¶ 53).

- Upon information and belief, Coal Capital Group, Coal Lake Worth, CLW Holdings, Coal Florida, Coal Connecticut, Coal New Haven, Coal Ephrata, and HFGC (the "Coal Companies") are controlled by Silberstein and managed through Coal Capital Group company. (SAC ¶ 55).

- Upon information and belief, the Coal Companies are the entities through which Silberstein managed NR Florida, NR Pennsylvania, NR Connecticut, and RBH ("Retreat Companies"). (SAC ¶ 56).

- Peter Schorr and David Silberstein, through DRPS and the Coal Companies, exercised control over all Retreat Companies. (SAC ¶ 73).

The Second Amended Complaint also presents additional unsupported, general allegations, void of the required specificity and therefore fail to establish how DAVID SILBERSTEIN's or the Corporate Defendants were Employers or Managers as defined by the FLSA or under the WARN Act.

Upon dismissing the First Amended Complaint, this Honorable Court held:

> No additional information is provided as to these individuals' day-to-day control over the Plaintiffs, such as <u>providing examples of how they managed the Corporate Defendants which directly</u>

3

<u>impacted the Plaintiffs, how they controlled the compensation of Plainitffs or made termination decisions, etc</u>.  Plaintiff essentially offers no facts beyond the conclusory statement as to the job titles that Defendants Hoinsky and Gariano hold.  That is not enough to show an employer-employee relationship under the FLSA. (Ominbus Order on Motion to Dismiss, DE 72)  (Emphasis added).

The SAC fairs no better and suffers the same flaws as noted by this Honorable Court in its Omnibus Order on Motion to Dismiss.  The same baseless and conclusory general allegations of the SAC are below, and each fails to address the pleading requirements to properly allege that DAVID SILBERSTEIN and the Corporate Defendants were Managers or Employers:

- Peter Schorr and David Silberstein, together, managed the business through the various entities outlined above with Peter Schorr serving as the Chief Executive Officer of the Retreat Companies.  (SAC ¶ 88).

- Upon information and belief Schorr, Silberstein, Korogodsky, Gariano, and Hoinsky (the "Individual Defendants") were responsible for the day-to-day operations of the Retreat Companies, including the management and compensation of the NR Florida, NR Pennsylvania, and NR Connecticut employees.  (SAC ¶ 92).

- Upon information and belief, Schorr and Silberstein often disagreed about the financial management and operational decisions for the Retreat Companies, with Silberstein controlling the purse strings by refusing to consent to transfers between the various entities.  (SAC ¶ 93).

- The website for Retreat Behavioral Health, which did not distinguish between NR Florida, NR Pennsylvania, NR Connecticut, and RBH, listed Schorr, Gariano, Korogodsky, and Hoinsky as "Executive Leadership."  (SAC ¶ 94)

- Upon information and belief, following Peter Schorr's death, David Silberstein had 100% control of the Retreat Companies, and, following Korogodsky's death, David Silberstein had primary responsibility and management of the facilities and employees.  (SAC ¶ 100).

- Upon information and belief, following Peter Schorr's death,

4

>David Silberstein was the ultimate decision-maker as to whether to pay employees or provide WARN notice. (SAC ¶ 101).
>
>• Specifically, Peter Schorr and David Silberstein were the managers of RBH, NR Florida, NR Pennsylvania, and NR Connecticut. (SAC ¶ 147).
>
>• Peter Schorr and David Silberstein had de facto control over the Facilities. (SAC ¶ 152).
>
>• Upon information and belief, all employees, regardless of which company compensated them, were subject to the same personnel policies which originated with the common executive management. (SAC ¶ 153).

Other than the general all-inclusive averment that the individual Defendants failed to pay the Plaintiffs, there were no allegations at all against DAVID SILBERSTEIN that he possessed or used any power to hire and fire employees, set work schedules for those employees, represented that he was an owner, was responsible for management structure, made compensation decisions, or received reports from managers.

Mr. SILBERSTEIN may, indeed have been alleged to own corporate defendants which were all generally included with no explanations as to how in the world they were "Employers" under the Fair Labor Standards Act, the Florida Constitution, or under Connecticut law.

Under § 3(d) of Fair Labor Standards Act (29 USCS § 203(d)), which directly applies to Counts I, II, and III, the definition of an "employer" includes any person acting directly or indirectly in interest of employer in relation to the employee claimant. *Patrowich v. Chemical Bank*, 473 N.E.2d 11, 59 Fair Empl. Prac. Cas. (BNA) 1801, 1984 N.Y. LEXIS 4717 (N.Y. 1984).

The Plaintiffs in the above styled suit were required to plead what the involvement of the defendants were, not simply include them all in a group called "RETREAT," and make general allegations that they were Employers of the Plaintiffs. In *Copantitla v. Fiskardo Estiatorio, Inc.*,

5

788 F. Supp. 2d 253 (S.D.N.Y. 2011), the court held that the sole shareholder of restaurant was not an "employer" because she had no knowledge of or involvement in setting employee compensation, hiring and firing employees, determining restaurant's tip policy, receiving and addressing employee complaints, or making any other employment decisions, and she could not be considered "employer" by virtue of her status as sole shareholder of restaurant.

In *Saint-Jean v. D.C. Pub. Schs. Div. of Transp.*, 815 F. Supp. 2d 1 (D.D.C. 2011), as in the case *sub judice*, the court dismissed in part the First Amended Complaint which failed to allege facts which showed that a supervisor defendant had the power to hire or fire them, or determine their pay rate and method.

In fact, to be classified as an employer under the FLSA, it is necessary that a plaintiff plead and prove that a defendant has at the very least, operational control of significant aspects of the corporation's day-to-day functions. See *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991). By the SAC's own admissions, DAVID SILBERSTEIN did not have control of the Retreat Companies, or "the primary responsibility and management of the facilities and employees" until after Peter Schorr's death on June 21, 2024, and Scott Korogodsky's death on June 25, 2024. The decisions to close the facilities, and terminate the employees were made prior to June 21, 2024. In fact, Ms. WILLIAMS, Ms. CALVERT, and Ms. LEGGETT were all terminated on or before June 21, 2024, before DAVID SILBERSTEIN had control over the companies and employees.

Simply being a corporate officer does not make one liable under the FLSA nor the WARN Act, the Florida Constitution, or Connecticut law. Nor does simply alleging that they had operational control. The plead allegation must contain more than just the general statement that an individual exercised some control over the target company.

In *Lopez v. Silverman*, 14 F. Supp. 2d 405 (S.D.N.Y. 1998), the Court found that an individual corporate officer could be deemed an employer under the FLSA where that individual had overall operational control of the corporation, possesses ownership of it, controls significant functions of the business, or determines employees' salaries and makes hiring decisions.

The 11th Circuit has also made it clear in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150 (11th Cir. 2008) that the plaintiff needed to prove that the defendant "was either involved in the day-to-day operation of the Longwood racetrack facility or was directly responsible for the supervision of employees during the relevant years."

The 11th Circuit held in *Daughtrey v. Honeywell, Inc.*, 3 F.3d 1488 (11th Cir.1993) that the fundamental test is the "hiring party's right to control the manner and means by which the work is accomplished."

The claims pursuant to the Federal Labor Standards Act and the WARN Act, which are Counts I, II, and III, are each concerned with employers defined by 29 U.S.C. 203(d) and require that an employer be actively engaged in control over the employees. This was not alleged properly against the corporate defendants.

Counts IV and Count V allege claims pursuant to the Florida Constitution, Article X, Section 24. Subsection (b) of that section provides that the term employer shall "shall have the meanings established under the federal Fair Labor Standards Act (FLSA)." As the Movants were not employers pursuant to the FLSA, they are is not employers pursuant to the Florida Constitution.

Moreover, Counts IV and Count V also are claims pursuant to the Connecticut minimum wage statute, CT Gen Stat § 31-72, and 43 P.S. § 260.10. The word "Employer" as used in Conn.Gen.Stat.Ann. § 31-72 means an individual who is possessed with the ultimate authority and control of a corporation who is the one who sets the hours of employment and pay wages and is

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (561) 232-2222

specifically the one who failed to pay the wages. See *Butler ex rel. Skidmore v. Hartford Tech. Inst.*, 704 A.2d 222, (Conn. 1997).

Hence, all of the counts must be dismissed for the Plaintiffs' total failure to plead any facts which would support an allegation, which was also not pled, that the Movants were either involved in the day-to-day operation of any of the business entities which were allegedly in violation of the FLSA, the Constitution of the State of Florida, or the statutes of the State of Connecticut or was directly responsible for the supervision of employees during the relevant time period.

WHEREFORE, the Defendants, COAL LAKE WORTH, LLC, COAL NEW HAVEN LLC, COAL CAPITAL EPHRATA, LLC, COAL CAPITAL GROUP, LLC, CLW HOLDINGS LLC, COAL CAPITAL HOLDINGS (FLORIDA) LLC, COAL CONNECTICUT, LLC, HFGC FLORIDA, LLC, and DAVID SILBERSTEIN ask that this Court grant the Motion to Dismiss with Prejudice the Second Amended Complaint, and award such further and other relief as this Honorable Court may deem just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 25th day of February, 2025, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

Respectfully submitted,

  /s/ Peter Ticktin  
Peter Ticktin, Esquire
Florida Bar No. 887935
Serv512@LegalBrains.com
Roosevelt Presume, Esquire
Florida Bar No.
Serv522@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441

Telephone: (561) 232-2222

**SERVICE LIST**

**Ryan D. Barack**
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
**Michelle Erin Nadeau**
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
**Kwal1 Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

**Michael A. Pancier**
Fla. Bar No. 958484
Email: mpancier@Pancierlaw.com
**Michael A. Pancier, P.A.**
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
Attorney for Plaintiffs