**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO: 24-cv-80787-DMM/Matthewman

**MIA WILLIAMS, ET AL.,**

    *Plaintiffs,*

v.

**RETREAT BEHAVIORAL**
**HEALTH, LLC, ET AL.,**

    *Defendants.*

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT**
**ESTATE OF PETER SCHORR'S MOTION TO DISMISS**

    Plaintiffs, Mia Williams, Brittany Calvert, Dedtra Davis, and Alisa Leggett, on their own behalf and on behalf of a proposed class of similarly situated employees, hereby respond to Defendant Estate of Peter Schorr's Motion to Dismiss the Second Amended Complaint. As set forth below, Plaintiffs assert that the Second Amended Complaint adequately alleges sufficient facts to establish that Peter Schorr was an "employer" under the Fair Labor Standards Act (FLSA), and similar state laws.

**I.**    **Legal Standard**

    In considering a motion to dismiss, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir.1999). A motion to dismiss will only be granted if the complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, the complaint must be viewed in the light

most favorable to the plaintiff. *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir.1986). In deciding a motion to dismiss, a court may only examine the "four corners" of the complaint and any matters incorporated therein, and not matters outside the complaint. *See Crowell v. Morgan Stanley Dean Witter Servs., Co., Inc.*, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000).

II. **To State an FLSA Claim against a Corporate Officer, Plaintiffs Must Only Allege That They Have Operational Control of the Business and Are Involved in Its Day-to-Day Operations.**

The FLSA defines an employer very broadly to include as any person acting directly or indirectly in the interest of an employer in relation to an employee. *See* 29 U.S.C. § 203(d). The Eleventh Circuit has interpreted this definition broadly to include individuals with operational control over significant aspects of the company's functions, even if such control is indirect. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008); *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."

Courts have routinely denied motions to dismiss where it is alleged an individual was a corporate officer involved in the day-to-day operations of the business. *See*, *Game v. Hospicecare of Se. Florida, Inc.*, No. 09-21348-CIV, 2009 WL 10699939, at *2 (S.D. Fla. Aug. 7, 2009)(denying motion to dismiss where individual was alleged to be a corporate officer or owner and responsible for paying the plaintiff's wages); *Simmons v. G & S Elec. of Nw. Florida LLC*, No. 3:23-CV-24689-TKW-HTC, 2024 WL 2703760, at *4–5 (N.D. Fla. Jan. 17, 2024)(denying motion to dismiss where the plaintiff alleged that the individual defendant was "a member" of the company, "exercised control over [the company's] operations," and "played a substantial role in

determining the terms and conditions of plaintiff's employment."); *Perez v. KC Prof'l Services, LLC*, No. 6:22-CV-356-GAP-LHP, 2022 WL 19395248, at *2 (M.D. Fla. Oct. 18, 2022)(denying motion to dismiss where the plaintiffs alleged that the individual defendants "were, and are now, owners and managing members of" the company, "were involved in the day-to-day functions" of the company, exercised "control of [the company's] financial affairs," and "provided Plaintiffs with their work schedule[s]"); *Chacon v. JF & MB Home Improvement & Landscaping Inc.*, No. 616CV1828ORL41GJK, 2017 WL 9939050, at *1–2 (M.D. Fla. Aug. 7, 2017)(adopting report and recommendation denying motion to dismiss where the plaintiff alleged that the individual defendant was "a corporate officer with operational control over Defendant."); *Gregus v. Plan 4 Coll., Inc.*, No. 809CV01392T24AEP, 2009 WL 3064664, at *1 (M.D. Fla. Sept. 18, 2009)(denying motion to dismiss where "Plaintiff's complaint goes beyond merely stating that Defendants were her employers and alleges as facts that Defendants were either involved in the day-to-day operation or were directly responsible for Plaintiff's supervision). The Court further stated in *Gregus*, "[t]he stated facts, combined with the straightforward nature of an FLSA claim, are sufficient to give fair notice to Defendants of the nature of the claim and the grounds upon which it rests. At this stage in the proceeding, no more is required." *Id*.

Defendant argues that the Plaintiffs must allege the eight-factor "economic realities" test to allege that an individual is an employer and cites to *Valle v. AA & K Restoration Group LLC*, No. 1:19-CV-20873-KMM, 2020 WL 10055325, at *4 (S.D. Fla. Sept. 29, 2020), *aff'd sub nom. Valle v. Ceres Envtl. Services, Inc.*, No. 21-12020, 2022 WL 1667015 (11th Cir. May 25, 2022)(using the eight-factor test articulated in *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1176 (11th Cir. 2012)). However, the Court in *Valle* was deciding whether two companies were joint employers, not whether an individual corporate officer was an employer. As one District

Court recently noted, the *Layton* eight-factor joint employer test is not the appropriate test to use when determining individual liability:

> The Court did not overlook Defendants' argument that the complaint failed to allege facts from which it can be determined that G&S and Mr. Sitton were Plaintiff's "joint employer." However, Defendants' reliance on the "joint employment" doctrine is misplaced because that doctrine—and the eight-factor test in *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172 (11th Cir. 2012)—applies when a plaintiff alleges that an entity other than his nominal employer should also be considered his employer for FLSA purposes, not when the plaintiff seeks to impose individual liability on a corporate officer of his nominal employer.

*Simmons v. G & S Elec. of Nw. Florida LLC*, No. 3:23-CV-24689-TKW-HTC, 2024 WL 2703760, at *4–5 (N.D. Fla. Jan. 17, 2024). Rather, as the cases cited above demonstrate, it is sufficient to allege that an individual defendant was a corporate officer with operational control and involved in the day-to-day running of the business to establish liability.

Indeed, in *Spears v. Bay Inn & Suites Foley, LLC*, 105 F.4th 1315, 1319 (11th Cir. 2024), the Eleventh Circuit found that an individual could be deemed an employer under the FLSA where the individual had operational control over significant aspects of the company's functions, even if not directly involved in employee compensation decisions. The Eleventh Circuit emphasized "the Act and our precedents state that individual liability is not limited to upper management and executives. The definition of 'employer' is broad." *Id*.

As recently noted by Chief Judge Altonaga in denying a motion to dismiss in an FLSA case,

> [c]ertainly, "[t]he statutory definition of 'employer' is [ ] broad; it encompasses both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (alterations added; quoting 29 U.S.C. § 203(e)(1))." The Eleventh Circuit has "accordingly held that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that

      employer and (2) asserts control over conditions of the employee's employment."
      *Id.* (citation omitted).

*Toloza v. Ruiz*, No. 24-22033-CIV, 2024 WL 3649869, at *3 (S.D. Fla. Aug. 5, 2024). Thus, the claim against the Estate of Peter Schorr is sufficiently pled.

### III. The Second Amended Complaint Sufficiently Alleges That Peter Schorr Was A Corporate Officer with Operational Control of the Business and Involved in the Day-to-Day Operations of the Business.

Despite Defendant's argument that the allegations against the Estate of Peter Schorr are conclusory, Plaintiffs have pled detailed allegations about Peter Schorr's involvement in the business of Retreat Behavioral Health and the related entities. This is a lengthy complaint with detailed allegations of all involved, including Peter Schorr.

Specifically, the Second Amended Complaint [Doc. 74] alleges that:

- Peter Schorr was a Manager, along with David Silberstein of Retreat Behavioral Health, LLC, NR Florida Associates, LLC, NR Pennsylvania, LLC, and NR Connecticut, LLC (the "Retreat Companies") [¶¶11, 15, 20, 25];

- Peter Schorr was the sole manager of DRPS Management, LLC [¶29];

- NR Pennsylvania and NR Florida have submitted to a court that Schorr and Silberstein were the "stewards" of these companies [¶66];

- Schorr and Silberstein, through DRPS and the Coal Companies, exercised control over all Retreat Companies [¶73].

- Schorr and Silberstein, together, managed the business through the various entities outlined above with Schorr serving as the Chief Executive Officer of the Retreat Companies [¶88];

- Schorr was listed among the "Executive Leadership" for Retreat Behavioral Health [¶94];

- Schorr was responsible for the day-to-day operations of the Retreat Companies, including the management and compensation of NR Florida, NR Pennsylvania, and NR Connecticut employees [¶92];

- Schorr and Silberstein often disagreed about the financial management and operational decisions for the Retreat Companies [¶93];

- Plaintiffs were the employees of Schorr and Schorr was the employer of Plaintiffs for purposes of the FLSA and the state wage laws [¶105];

- The FLSA defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee'" [¶174];

- The Florida Constitution adopts the FLSA definitions and defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee'" [¶185];

- Under Connecticut law, "Employer" means any owner or any person, partnership, corporation, limited liability company or association of persons acting directly as, or on behalf of, or in the interest of an employer in relation to employees [¶199];

- Under Pennsylvania law, "Employer" means every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth [¶213];

- Corporate officers with operational control of a corporation's covered enterprise are employers along with the corporation, jointly and severally liable for wage violations [¶¶175, 186, 214];

- Corporate officers who are responsible for setting the hours of employment, payment of wages, and caused a specific wage violation may be liable as an employer along with the corporation, jointly and severally liable for wage violations [¶200];

- The Individual Defendants, which includes Schorr, had operational control of the Retreat Behavior Health enterprise, including the nominal entities through which employees were paid: NR Florida, NR Pennsylvania, and NR Connecticut [¶176];

- Schorr bore responsibility for setting wages and paying employees and was involved in the decision or decisions not to pay employees the wages that were due; [¶¶189, 203, 218];

- Plaintiffs were paid late for the May 6, 2024 through May 19, 2024 and the May 20 2024 through June 2, 2024 pay periods; [¶¶115-118];

- Plaintiffs were not paid from June 3, 2024 through the date of the layoffs [¶177];

- Plaintiffs were not paid on June 21, 2024 for the June 3, 2024 through June 16, 2024 pay period. [¶119];

- Employees were informed that same day that Schorr passed away [¶121];

- The email also stated payroll would be addressed and rectified as soon as possible [¶121];

- It is believed that Schorr died by suicide [¶122];

- Patients were transitioned out of the West Palm Beach facility that day [¶123]; and

- On June 24, 2024, employees were told that all patients were being discharged and Retreat was "closing services" [¶126].

Accordingly, the Second Amended Complaint sufficiently alleges that Peter Schorr was responsible for the day-to-day operations of the Retreat Entities and that he was responsible for ensuring employees were compensated. Indeed, the entire enterprise shut down and employees were terminated almost immediately after he passed away. This further supports that he was clearly vital to the day-to-day running of these facilities.

The timing of Schorr's death coinciding with the missed payroll also supports his involvement in the paying of employees and the failure to pay them on June 21, 2024. Defendant argues that Schorr cannot be held responsible for the missed payroll on June 21, 2024 because that is the day he died and he cannot make decisions after his death. Plaintiffs are not seeking to hold him responsible for decisions made after his death, but for decisions made when he was alive and running the Retreat enterprise. Defendant cites to *Alvarez Perez* for the proposition that an "owner who no longer participated in operation of business after having a heart attack could not be held liable under the FLSA." This reliance on *Alverez Perez* is misplaced, as the individual there had had a heart attack years earlier and had not involved himself in the business since, leaving his sons to run the company. *Alverez Perez*, 515 F.3d at 1161-62. Moreover, that case was decided upon evidence, not allegations. Here, Plaintiffs are not bringing a claim against someone who ceased doing business with the company years ago, but someone who died by suicide the same day as the

missed payroll and closing of the company. Decisions were made long before that missed payroll that led to it not being paid, and the Second Amended Complaint alleges that Schorr was one of the main persons leading these companies and making these operational and financial decisions.

The Second Amended Complaint contains allegations which demonstrate that employees are paid every two weeks, a week after the close of payroll. Thus, the payroll that was not paid to employees on June 21, 2024, was for work done between June 3, 2024 and June 16, 2024. The payroll was due on June 21, 2024, which means it would have had to have been processed prior to that day. The decision not to make payroll that week was not made on June 21, 2024 and there is no allegation that it was. Payroll is a process that requires calculations and funding several days in advance, which is why pay day is often a week after the close of that pay period, as it is here. As Defendant notes, it is proper for the Court to rely on common sense and judicial experience to draw inferences, and the Court can infer that the payroll that was due to be paid to employees on June 21, 2024 would need to have been processed prior to that date. Schorr was alive and running the companies when these employees were performing the work for which they were not paid and participated in operational decisions that led to them not being paid for this work.

## IV.    Conclusion

For the reasons outlined above, Plaintiffs respectfully request that The Estate of Peter Schorr's Motion to Dismiss be denied. To the degree it is granted, is should be dismissed without prejudice and with leave to amend, as this is the Estate of Peter Schorr's first motion to dismiss.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
Michelle Erin Nadeau

Florida Bar No. 0060396
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

-and-

/s/ Michael A. Pancier
Michael A. Pancier
Fla. Bar No. 958484
Email: mpancier@pancierlaw.com
Michael A. Pancier, P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of March 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system who will provide service upon all registered parties.

/s/ Ryan D. Barack
Attorney