UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 24-cv-80787- Matthewman
THIS IS A CONSENT CASE

**MIA WILLIAMS, BRITTANY CALVERT,
DEDTRA DAVIS, and ALISA LEGGETT**,
on their own behalf and on behalf of those similarly situated,

    **Plaintiffs**,

v.

**RETREAT BEHAVIORAL HEALTH, LLC,**
a Florida Limited Liability Corporation, et al.,

    **Defendants.**
_____/

## PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE
## AS TO FAILURE TO COMPLY WITH DISCOVERY ORDER

Plaintiffs Mia Williams, Brittany Calvert, Dedtra Davis, and Alisa Leggett (collectively "Plaintiffs"), by and through their undersigned counsel, hereby move for an order to show cause why Defendants Coal Connecticut, LLC, Coal Capital Holdings (Florida), LLC, Coal Capital Group, LLC, Coal Capital Ephrata, LLC, CLW Holdings, LLC, and David Silberstein should not be sanctioned for failure to comply with the Court's February 27, 2025 Order on Plaintiffs' Motion To Compel Discovery Responses [DE. 107].[1]

---

[1] Undersigned counsel recently became aware that Defendant Coal New Haven, LLC filed for bankruptcy in the Eastern District of New York on December 31, 2024 and advised counsel for Coal New Haven, LLC of this fact. Counsel for Coal New Haven, LLC stated that he would immediately file a suggestion of bankruptcy in this action and a motion in the Eastern District of New York to lift the stay to allow this matter to proceed. It does not appear that any such filings have been made.

1

**I.**

**Background**

1. On October 3, 2024, Plaintiffs served requests for production and interrogatories on Defendants.

2. Responses were originally due on November 4, 2024.

3. Despite multiple extensions, no discovery responses were served by Defendants.

4. Plaintiffs moved to compel responses and on February 26, 2025, the Court held a hearing on Plaintiffs' Motion to Compel Discovery Reponses. The Court made it abundantly clear during that hearing that Defendants needed to actively participate in the discovery process.

5. On February 27, 2025, the Court entered a written order that required Defendants NR Florida Associates, LLC, NR Pennsylvania Associates, LLC, James Young, HFGC Florida, LLC, Coal New Haven, LLC, Coal Lake Worth, LLC, Coal Connecticut, LLC, Coal Capital Holdings (Florida), LLC, Coal Capital Group, LLC, Coal Capital Ephrata, LLC, CLW Holdings, LLC, and David Silberstein to "provide a written response to Plaintiffs' requests for production, produce all requested documents, and provide verified responses to Plaintiffs' interrogatories within **12 days** of the February 26, 2025 hearing."

6. To date, Defendants Coal Connecticut, LLC, Coal Capital Holdings (Florida), LLC, Coal Capital Group, LLC, Coal Capital Ephrata, LLC, CLW Holdings, LLC, and David Silberstein represented by Peter Ticktin and Ryan Fojo, have not complied with the Court's order and have not responded to any of the discovery requests.

**II.**

**Argument**

Pursuant to Rule 37(b)(2), Fed.R.Civ.P., "[i]f a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) … fails to obey an order to provide

2

or permit discovery, … the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> \* \* \*
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The trial court has discretion in imposing sanctions for a party's failure to cooperate in discovery. *See Marshall v. Segona*, 621 F.2d 763, 766 (5th Cir. 1980) ("The bandwidth of the District Court's power to impose Rule 37 sanctions is broad indeed. We will not interfere unless . . . there has been an abuse of discretion."). When reviewing discovery motions, "wide discretion" is proper because "[a] judge's decision as to whether a party or lawyer's actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation." *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996).

The striking of pleadings as a sanction is not an abuse of discretion "[w]hen a party demonstrates a flagrant disregard for the court and the discovery process." *Aztec Steel Co. v. Florida Steel Corp.,* 691 F.2d 480, 481 (11th Cir. 1982); *see also United States v. Certain Real Property Located at Route 1, Bryant, Ala.,* 126 F.3d 1314, 1317-18 (11th Cir. 1997)(holding that striking of defenses and pleadings for violation of Rule 37 is appropriate where there has been a violation of discovery orders thus requiring a court order or motion to compel); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an Order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

By willfully and intentionally withholding refusing to participate in discovery, Defendants have prevented Plaintiffs from litigating this matter.

The Court previously determined that the assessment of attorneys' fees and costs against Defendants was appropriate and reserved jurisdiction to determine the amount of attorneys' fees and costs to be awarded based upon the compliance with the prior Order. Unfortunately, there has not been any compliance by these Defendants. Thus, the award of attorneys' fees and costs continues to be appropriate.

### III.

### Conclusion

For the reasons stated above, Plaintiffs request that the Court enter an order to show cause as to Defendants Coal Connecticut, LLC, Coal Capital Holdings (Florida), LLC, Coal Capital Group, LLC, Coal Capital Ephrata, LLC, CLW Holdings, LLC, and David Silberstein for their failures to comply with the Court's prior Order and participate in discovery. The Court should thereafter enter appropriate sanctions, including the striking of pleadings and/or entry of default.

### IV.

### Statement of Conferral

I hereby certify that counsel for the movant has made reasonable efforts to confer but has not received a response from counsel for Defendants regarding the substance of this motion.

                                          Respectfully submitted,

                                          /s/ Ryan D. Barack
                                          Ryan D. Barack
                                          Florida Bar No. 0148430
                                          Primary Email: rbarack@employeerights.com
                                          Secondary Email: jackie@employeerights.com
                                          Michelle Erin Nadeau
                                          Florida Bar No. 0060396
                                          Primary Email: mnadeau@employeerights.com
                                          Secondary Email: jackie@employeerights.com

Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

-and-

Michael A. Pancier
Fla. Bar No. 958484
Email: mpancier@pancierlaw.com
Michael A. Pancier, P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of March 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide service upon all registered parties.

/s/ Ryan D. Barack
Attorney