**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-80787- MATTHEWMAN**
**THIS IS A CONSENT CASE**

MIA WILLIAMS, BRITTANY CALVERT,
DEDTRA DAVIS, and ALISA LEGGETT,
on their own behalf and on behalf of those similarly situated,

       Plaintiffs,

v.

RETREAT BEHAVIORAL HEALTH, LLC,
a Florida Limited Liability Corporation, NR
FLORIDA ASSOCIATES, LLC,
a Florida Limited Liability Corporation,
NR PENNSYLVANIA ASSOCIATES, LLC,
a Pennsylvania Limited Liability Corporation,
JAMES YOUNG, in his capacity as
Receiver of NR Pennsylvania Associates, LLC,
NR CONNECTICUT, LLC, a Connecticut
Limited Liability Corporation,
DRPS MANAGEMENT, LLC, a Florida
Limited Liability Corporation
COAL LAKE WORTH, LLC, a Florida
Limited Liability Company,
COAL CAPITAL HOLDINGS (FLORIDA), LLC,
a Florida Limited Liability Corporation, COAL
CONNECTICUT, LLC,
a Connecticut Limited Liability Corporation
COAL NEW HAVEN LLC, a Connecticut
Limited Liability Corporation,
COAL CAPITAL EPHRATA, LLC,
a Pennsylvania Limited Liability Corporation,
COAL CAPITAL GROUP, LLC,
a New York Limited Liability Corporation,
CLW HOLDINGS, LLC,
a Florida Limited Liability Company,
HFGC FLORIDA, LLC,
a Florida Limited Liability Company,
CHRISSY GARIANO, ALEXANDER HOINSKY,
DAVID SILBERSTEIN, ESTATE OF PETER SCHORR,
and ESTATE OF SCOTT KOROGODSKY,

1

Defendants.                  /

## DEFENDANTS NR FLORIDA ASSOCIATES, LLC AND NR PENNSYLVANIA ASSOCIATES LLC'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants NR Florida Associates, LLC ("NR FL") and NR Pennsylvania Associates, LLC ("NR PA") (collectively referred to as "NR Defendants) hereby answer Plaintiffs' Second Amended Class Action Complaint as follows:[1]

### INTRODUCTION

1.       NR Defendants admit that, in this action, Plaintiffs purport to assert claims pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §2101 et. seq. ("WARN Act"), the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et. seq. ("FLSA"), the Florida Constitution, Art. X, Sec. 24, CT Gen. Stat. §31.58, §31-71c, and 43 Pa. Stat. §260, but denies Plaintiffs are entitled to any relief.

2.       NR Defendants admit Plaintiffs purports to seek the requested relief in this action, but denies any entitlement to the same.  NR Defendants further admit that this purports to be a class/collective action, but denies the basis for proceeding as such.

3.       NR Defendants deny the allegations contained in Paragraph 3 of the Second Amended Complaint.

### JURISDICTION AND VENUE

4.       NR Defendants admit the jurisdiction of this Court in this action.

5.       NR Defendants admit venue is proper in this Court, but deny the remaining allegations contained in Paragraph 5.

---

[1] NR Defendants' Answer is based on the knowledge of James Young, since his appointment as receiver over NR PA and NR FL. James Young was appointed as receiver for NR PA and NR FL, and as Receiver, Mr. Young was granted the exclusive rights, duties and responsibilities of a court appointed receiver, including all functions to carry on the business operations of NR PA and NR FL.

2

**PARTIES**

*The Plaintiffs*

6.      NR FL admits employing Mia Williams, but NR Defendants deny the remaining allegations in Paragraph 6.

7.      NR FL admits employing Brittany Calvert, but NR Defendants deny the remaining allegations in Paragraph 7.

8.      NR PA admits employing Dedtra Davis, but NR Defendants deny the remaining allegations in Paragraph 8.

9.      NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

*The Corporate Defendants*

10.      NR Defendants deny the allegations contained in Paragraph 10.

11.      NR Defendants admit the allegations contained in Paragraph 11.

12.      NR Defendants admit the allegations contained in Paragraph 12.

13.      NR Defendants deny the allegations contained in Paragraph 13.

14.      NR Defendants admit the allegations contained in Paragraph 14.

15.      NR Defendants admit the allegations contained in Paragraph 15.

16.      NR Defendants deny the allegations contained in Paragraph 16.

17.      NR Defendants admit the allegations contained in Paragraph 17.

18.      NR Defendants admit the allegations contained in Paragraph 18.

19.      NR Defendants admit NR PA is a Pennsylvania limited liability corporation conducting business in Lancaster, Pennsylvania, but deny the remaining allegations contained in Paragraph 19.

20.     NR Defendants admit the allegations contained in Paragraph 20.

21.     NR Defendants deny the allegations contained in Paragraph 21.

22.     NR Defendants admit the allegations contained in Paragraph 22, but deny James Young is a proper party to this lawsuit.

23.     NR Defendants admit the allegations contained in Paragraph 23.

24.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 and therefore denies the same.

25.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 and therefore denies the same.

26.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 and therefore denies the same.

27.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 and therefore denies the same.

28.     NR Defendants admit the allegations contained in Paragraph 28

29.     NR Defendants admit the allegations contained in Paragraph 29.

30.     NR Defendants deny the allegations contained in Paragraph 30.

31.     NR Defendants admit the allegations contained in Paragraph 31.

32.     NR Defendants admit the allegations contained in Paragraph 32.

33.     NR Defendants admit the allegations contained in Paragraph 33.

34.     NR Defendants admit the allegations contained in Paragraph 34.

35.     NR Defendants deny the allegations contained in Paragraph 35.

36.     NR Defendants admit the allegations contained in Paragraph 36.

37.     NR Defendants deny the allegations contained in Paragraph 37.

38.   NR Defendants admit the allegations contained in Paragraph 38.

39.   NR Defendants admit the allegations contained in Paragraph 39.

40.   NR Defendants admit the allegations contained in Paragraph 40.

41.   NR Defendants admit the allegations contained in Paragraph 41.

42.   NR Defendants admit the allegations contained in Paragraph 42.

43.   NR Defendants admit the allegations contained in Paragraph 43.

44.   NR Defendants admit the allegations contained in Paragraph 44.

45.   NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45 and therefore denies the same.

46.   NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 and therefore denies the same.

47.   NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 and therefore denies the same.

48.   NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 and therefore denies the same.

49.   NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 and therefore denies the same.

50.   NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 and therefore denies the same.

51.   NR Defendants admit Coal Ephrata is a Pennsylvania limited liability corporation conducting business in Lancaster, Pennsylvania, but deny the remaining allegations contained in Paragraph 51.

52.   NR Defendants are without sufficient knowledge or information to admit or deny

the allegations contained in Paragraph 52 and therefore denies the same.

53.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 and therefore denies the same.

54.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 54 and therefore denies the same.

55.    NR Defendants deny the allegations contained in Paragraph 55.

56.    NR Defendants deny the allegations contained in Paragraph 56.

57.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 and therefore denies the same.

58.    NR Defendants deny the allegations contained in Paragraph 58.

59.    NR Defendants admit the allegations contained in Paragraph 59.

60.    NR Defendants admit the allegations contained in Paragraph 60.

61.    NR Defendants admit the allegations contained in Paragraph 61.

62.    NR Defendants admit the allegations contained in Paragraph 62.

63.    NR Defendants admit the allegations contained in Paragraph 63.

64.    NR Defendants admit the allegations contained in Paragraph 64.

65.    NR Defendants admit the allegations contained in Paragraph 65.

66.    The document speaks for itself, and no response is therefore required to the allegations contained in Paragraph 66.  To the extent a response is required, they are denied.

67.    NR Defendants deny the allegations contained in Paragraph 67.

68.    NR Defendants deny the allegations contained in Paragraph 68.

69.    NR Defendants deny the allegations contained in Paragraph 69.

70.    NR Defendants deny the allegations contained in Paragraph 70.

71.     NR Defendants deny the allegations contained in Paragraph 71.

72.     NR Defendants deny the allegations contained in Paragraph 72.

73.     NR Defendants deny the allegations contained in Paragraph 73.

74.     NR Defendants deny the allegations contained in Paragraph 74.

75.     NR Defendants deny the allegations contained in Paragraph 75.

76.     NR Defendants deny the allegations contained in Paragraph 76.

77.     NR Defendants deny the allegations contained in Paragraph 77.

78.     NR Defendants deny the allegations contained in Paragraph 78.

79.     NR Defendants deny the allegations contained in Paragraph 79.

80.     NR Defendants deny the allegations contained in Paragraph 80.

81.     NR Defendants deny the allegations contained in Paragraph 81.

82.     NR Defendants deny the allegations contained in Paragraph 82.

*The Individual Defendants*

83.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 83 and therefore denies the same.

84.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 84 and therefore denies the same.

85.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 85 and therefore denies the same.

86.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 86 and therefore denies the same.

87.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 87 and therefore denies the same.

88.     NR Defendants admit that Peter Schorr served at the Chief Executive Officer of

the Retreat Entities, bud denies the remaining allegations contained in Paragraph 88.

89.    NR Defendants admit the allegations contained in Paragraph 89.

90.    NR Defendants admit the allegations contained in Paragraph 90.

91.    NR Defendants admit the allegations contained in Paragraph 91.

92.    NR Defendants deny the allegations contained in Paragraph 92.

93.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 93 and therefore denies the same.

94.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 94 and therefore denies the same.

95.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 95 and therefore denies the same.

96.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 96 and therefore denies the same.

97.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 97 and therefore denies the same.

98.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 98 and therefore denies the same.

99.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 99 and therefore denies the same.

100.    NR Defendants deny the allegations contained in Paragraph 100.

101.    NR Defendants admit the allegations contained in Paragraph 101.

102.    NR Defendants admit the allegations contained in Paragraph 102.

103.    NR Defendants deny the allegations contained in Paragraph 103.

104.    NR Defendants deny the allegations contained in Paragraph 104.

105.    NR Defendants deny the allegations contained in Paragraph 105.

## GENERAL ALLEGATIONS

106.    NR Defendants deny the allegations contained in Paragraph 106.

107.    NR Defendants deny the allegations contained in Paragraph 107.

108.    NR Defendants deny the allegations contained in Paragraph 108.

109.    NR Defendants admit that Mia Williams and Brittany Calvert were paid by NR Florida, but deny the remaining allegations contained in Paragraph 109.

110.    NR Defendants admit that Dedtra Davis was paid by NR Pennsylvania, but deny the remaining allegations contained in Paragraph 110.

111.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 111 and therefore denies the same.

112.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 112 and therefore denies the same.

113.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 113 and therefore denies the same.

114.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 114 and therefore denies the same.

115.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 115 and therefore denies the same.

116.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 116 and therefore denies the same.

117.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 117 and therefore denies the same.

118.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 118 and therefore denies the same.

119.    NR Defendants admit that the June 21st payroll for NR PA and NR FL, for the time period of June 3, 2024 thru June 16, 2024, was not issued on that date, but deny the remaining allegations contained in Paragraph 119.

120.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 120 and therefore denies the same.

121.    The document speaks for itself, and no response is therefore required to the allegations contained in Paragraph 121.  To the extent a response is required, they are denied.

122.    NR Defendants admit the allegations contained in Paragraph 122.

123.    NR Defendants admit that Scott Korogodsky sent an email on June 24, 2024 indicating that all patients were being discharged and transferred, but deny the remaining allegations contained in Paragraph 123.

124.    NR Defendants admit that the Chief Operating Officer, Scott Korogodsky, sent an email on June 23, 2024 and the document speaks for itself, but deny the remaining allegations contained in Paragraph 124.

125.    The document speaks for itself, and no response is therefore required to the allegations contained in Paragraph 125.  To the extent a response is required, they are denied.

126.    The document speaks for itself, and no response is therefore required to the allegations contained in Paragraph 126.  To the extent a response is required, they are denied.

127.    The document speaks for itself, and no response is therefore required to the allegations contained in Paragraph 127.  To the extent a response is required, they are denied.

128.    NR Defendants are without sufficient knowledge or information to admit or deny

the allegations contained in Paragraph 128 and therefore denies the same.

129.     NR Defendants admit the allegations contained in Paragraph 129.

130.     NR Defendants admit the allegations contained in Paragraph 130.

131.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 131 and therefore denies the same.

## CLASS ACTION ALLEGATIONS

132.     NR Defendants admit Plaintiffs purport to assert a class action and/or collective action to recover damages for alleged violations of the FLSA, the WARN Act and Florida, Connecticut, and Pennsylvania state wage laws.   However, NR Defendants deny that they violated any laws and further deny that Plaintiffs are entitled to any relief.   NR Defendants also deny that Plaintiffs have properly asserted a basis for this case to proceed as a class and/or collective action.

133.     NR Defendants deny the allegations contained in Paragraph 133.

134.     NR Defendants deny the allegations contained in Paragraph 134, including all subparts.

135.     NR Defendants deny the allegations contained in Paragraph 135.

136.     NR Defendants deny the allegations contained in Paragraph 136.

137.     NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 137 and therefore denies the same.

138.     NR Defendants deny the allegations contained in Paragraph 138.

139.     NR Defendants deny the allegations contained in Paragraph 139.

140.     NR Defendants deny the allegations contained in Paragraph 140, including all subparts.

**COUNT I**
**VIOLATIONS OF THE WARN ACT**
**AS TO DEFENDANTS RETREAT BEHAVIORAL HEALTH, NR FLORIDA, NR**
**PENNSYLVANIA, RECEIVER YOUNG, NR CONNECTICUT, DRPS, COAL LAKE**
**WORTH, COAL FLORIDA, COAL CONNECTICUT COAL NEW HAVEN, COAL**
**CAPITAL EPHRATA, COAL CAPITAL GROUP, CLW HOLDINGS and HFGC.**

141.    NR Defendants hereby incorporate by reference their responses to the allegations contained in paragraphs 1-140 as if fully stated herein.

142.    NR Defendants deny the allegations contained in Paragraph 142.

143.    NR Defendants deny the allegations contained in Paragraph 143.

144.    NR Defendants deny the allegations contained in Paragraph 144.

145.    NR Defendants deny the allegations contained in Paragraph 145.

146.    NR Defendants deny the allegations contained in Paragraph 146.

147.    NR Defendants admit that Peter Schorr and David Silberstein were listed as managers of RBH, NR FL and NR PA, but denies the remaining allegations contained in Paragraph 147.

148.    NR Defendants deny the allegations contained in Paragraph 148.

149.    NR Defendants deny the allegations contained in Paragraph 149.

150.    NR Defendants deny the allegations contained in Paragraph 150.

151.    NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 151 and therefore denies the same.

152.    NR Defendants deny the allegations contained in Paragraph 152.

153.    NR Defendants deny the allegations contained in Paragraph 153.

154.    NR Defendants deny the allegations contained in Paragraph 154.

155.    NR Defendants admit that after the death of Peter Schorr, they ceased operations, but deny the remaining allegations contained in Paragraph 155.

156.    Paragraph 156 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

157.    NR Defendants deny the allegations contained in Paragraph 157.

158.    NR Defendants deny the allegations contained in Paragraph 158.

159.    Paragraph 159 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

160.    Paragraph 160 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

161.    NR Defendants deny the allegations contained in Paragraph 161.

162.    NR Defendants deny the allegations contained in Paragraph 162.

163.    NR Defendants deny the allegations contained in Paragraph 163.

164.    NR Defendants deny the allegations contained in Paragraph 164.

165.    NR Defendants deny the allegations contained in Paragraph 165.

166.    NR Defendants deny the allegations contained in Paragraph 166.

167.    NR Defendants deny the allegations contained in Paragraph 167.

168.    NR Defendants deny the allegations contained in Paragraph 168.

169.    NR Defendants admit that Plaintiffs purport to sue Receiver Young in his capacity as Receiver for NR PA, but deny the remaining allegations contained in Paragraph 169.

NR Defendants deny that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" section following Paragraph 169, including all subparts.

**COUNT II**
**VIOLATIONS OF THE FLSA AS TO ALL DEFENDANTS**

170.    NR Defendants hereby incorporate by reference their responses to the allegations contained in paragraphs 1-140 as if fully stated herein.

171.     Paragraph 171 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

172.     Paragraph 172 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

173.     Paragraph 173 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

174.     Paragraph 174 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

175.     Paragraph 175 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

176.     NR Defendants deny the allegations contained in Paragraph 176.

177.     NR Defendants deny the allegations contained in Paragraph 177.

178.     NR Defendants deny the allegations contained in Paragraph 178.

179.     NR Defendants deny the allegations contained in Paragraph 179.

180.     NR Defendants deny the allegations contained in Paragraph 180.

181.     NR Defendants admit that Plaintiffs purport to sue Receiver Young in his capacity as Receiver for NR PA, but deny the remaining allegations contained in Paragraph 181.

NR Defendants deny that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" section following Paragraph 181, including all subparts.

**COUNT III**
**VIOLATIONS OF ART X, SEC 24 OF THE FLORIDA CONSTITUTION**
**AGAINST ALL DEFENDANTS**

182.     NR Defendants hereby incorporate by reference their responses to the allegations contained in paragraphs 1-140 as if fully stated herein.

183.     Paragraph 183 contains legal conclusions to which no response is required of NR

Defendants. To the extent a response is required, the allegations are denied.

184.     Paragraph 184 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

185.     Paragraph 185 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

186.     Paragraph 186 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

187.     NR Defendants admit that Plaintiffs Williams and Calvert were employed by NR FL.

188.     NR Defendants deny the allegations contained in Paragraph 188.

189.     NR Defendants deny the allegations contained in Paragraph 189.

190.     NR Defendants deny the allegations contained in Paragraph 190.

191.     NR Defendants deny the allegations contained in Paragraph 191.

192.     NR Defendants deny the allegations contained in Paragraph 192.

193.     NR Defendants admit that Plaintiffs purport to sue Receiver Young in his capacity as Receiver for NR PA, but deny the remaining allegations contained in Paragraph 193.

NR Defendants deny that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" section following Paragraph 193, including all subparts.

## COUNT IV
## VIOLATIONS OF CT GEN STAT § 31-58, *et seq*
## AGAINST ALL DEFENDANTS

194.     NR Defendants hereby incorporate by reference their responses to the allegations contained in paragraphs 1-140 as if fully stated herein.

195.     Paragraph 195 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

196.   Paragraph 196 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

197.   Paragraph 197 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

198.   Paragraph 198 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

199.   Paragraph 199 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

200.   Paragraph 200 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

201.   NR Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 201 and therefore denies the same.

202.   NR Defendants deny the allegations contained in Paragraph 202.

203.   NR Defendants deny the allegations contained in Paragraph 203.

204.   NR Defendants deny the allegations contained in Paragraph 204.

205.   NR Defendants deny the allegations contained in Paragraph 205.

206.   NR Defendants deny the allegations contained in Paragraph 206.

207.   NR Defendants admit that Plaintiffs purport to sue Receiver Young in his capacity as Receiver for NR PA, but deny the remaining allegations contained in Paragraph 207.

NR Defendants deny that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" section following Paragraph 207, including all subparts.

## COUNT V
### VIOLATIONS OF 43 P.A. Stat. §260.1, *et seq*
### AGAINST ALL DEFENDANTS

208.   NR Defendants hereby incorporate by reference their responses to the allegations

contained in paragraphs 1-140 as if fully stated herein.

209.    Paragraph 209 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

210.    Paragraph 210 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

211.    Paragraph 211 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

212.    Paragraph 212 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

213.    Paragraph 213 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

214.    Paragraph 214 contains legal conclusions to which no response is required of NR Defendants. To the extent a response is required, the allegations are denied.

215.    NR Defendants admit that Plaintiff Davis was employed by NR PA, but denies the remaining allegations contained in Paragraph 215.

216.    NR Defendants admit that Plaintiff Davis and other individuals employed by NR PA entered into an agreement with NR PA to be compensated for their work at an agreed upon wage, but denies the remaining allegations contained in Paragraph 216.

217.    NR Defendants deny the allegations contained in Paragraph 217.

218.    NR Defendants deny the allegations contained in Paragraph 218.

219.    NR Defendants deny the allegations contained in Paragraph 219.

220.    NR Defendants deny the allegations contained in Paragraph 220.

221.    NR Defendants deny the allegations contained in Paragraph 221.

222.     NR Defendants admit that Plaintiffs purport to sue Receiver Young in his capacity as Receiver for NR PA, but deny the remaining allegations contained in Paragraph 222.

NR Defendants deny that Plaintiffs are entitled to any of the relief requested in the "Prayer for Relief" section following Paragraph 222, including all subparts.

NR Defendant deny each and every other allegation contained in the Second Amended Complaint not specifically admitted herein, including allegations, if any, contained in the introduction, headings, and captions of the pleading.

## DEFENSES AND AFFIRMATIVE DEFENSES

NR Defendants assert the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendants and are Plaintiffs' burden to prove:

1.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

3.     Plaintiffs' claims may be barred by waiver, estoppel, res judicata, preclusion, and/or laches.

4.     If any employees, supervisory or otherwise, engaged in any unlawful conduct, all such conduct was outside the scope of their employment and was contrary to Defendants' efforts to comply with applicable laws.

5.     Without admitting any wrongful conduct by Defendants or any of the Defendants' employees, agents, or representatives, Defendants neither authorized nor ratified any alleged wrongful conduct by any employee, agent, or representative of Defendants, and therefore,

Defendants cannot be held liable for any damages, including punitive or exemplary damages, arising out of any alleged wrongful conduct by any of its employees, agents, or representatives.

6.    Plaintiffs were not an employee of NR PA and/or NR FL. Therefore, Plaintiffs are not entitled to the relief sought regarding NR PA and/or NR FL, as there was no employee/employer relationship.

7.    Defendants cannot be liable for liquidated damages because of the absence of evidence that any violation of the FLSA by Defendants, if any, was willful or reckless.

8.    Plaintiffs were exempt from the overtime and minimum wage provisions of the FLSA based on their status as a bona fide administrative, executive, and/or professional employee within the meaning of the FLSA, 29 U.S.C. §213(a)(1), and the regulations promulgated thereunder, 29 C.F.R. Part 541.

9.    Plaintiffs were exempt from the overtime and minimum wage provisions of the FLSA based on their status as an exempt outside sales employee within the meaning of the FLSA, 29 U.S.C. § 213(a)(1) and 29 C.F.R. §§ 541.500-504.

10.    Plaintiffs' claims for recovery of overtime compensation and liquidated damages are barred for hours allegedly worked without actual or constructive knowledge.

11.    Plaintiffs are estopped from pursuing the claims set forth in the complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure to accurately record and report their time as required by Defendants.

12.    Plaintiffs cannot satisfy their burden to prove that Plaintiffs performed substantial work for the predominant benefit of Defendants that Defendants knew was being, and permitted to be, performed, and that was not in the circumstances non-compensable. Plaintiffs did not in fact

perform any such work without compensation. Alternatively, Plaintiffs are further estopped to the extent they failed to notify Defendants of their alleged work performed on Defendants' behalf.

13.     To the extent any additional notice of closing would otherwise have been required to affected employees pursuant to the WARN Act, Defendants state that it gave as much notice as was practicable, notice was given as at a time it became reasonably foreseeable that any temporary layoff would extend beyond six months, and the extension was caused by business circumstances not reasonably foreseeable at the time of the initial layoff.

14.     To the extent Defendants are found to have violated the WARN Act, any act or omission was in good faith and Defendants had reasonable grounds for believing the act or omission was not a violation of the WARN Act. Accordingly, the court in its discretion, should reduce the amount of any liability pursuant to 29 U.S.C. § 2104(a)(4).

15.     Plaintiffs may not maintain this action as a collective action, pursuant to 29 U.S.C. §216, because Plaintiffs are not similarly situated to any other current or former employee of Defendant for purposes of the allegations and claims made in this lawsuit.

16.     The type of claims for which Plaintiffs purports to bring a collective action are matters on which individual issues predominate and are not appropriate for a collective action.

17.     Certain of the interests of Plaintiffs are in conflict with the interests of some or all of the members of the alleged groups of individuals that Plaintiffs purport to represent, the existence of which is expressly denied.

18.     Plaintiffs may not maintain this action as a class action pursuant to Fed. R. Civ. P. 23 because there is no common questions of law or fact appliable to the alleged class, there is no typicality among the alleged class, Plaintiffs will not adequately represent and protect the interest

of the alleged class, Plaintiffs' interests are incompatible with the interests of the alleged class, and/or there is no superiority that would suit this action as an alleged class action.

19.    Defendants reserve the right to assert additional defenses as may appear applicable during the course of this action.

WHEREFORE, Defendants prays that the Second Amended Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants and against Plaintiffs, and that Defendants be awarded its costs and reasonable attorneys' fees and such other relief the Court deems appropriate.

Dated: April 9, 2025

Respectfully submitted,

*/s/ Patrick F. Martin*
**Patrick F. Martin, Esq.**; FBN: 998729
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
pfmartin@ogletree.com
**Maja Veselinovic, Esq.**; FBN: 1029097
Maja.veselinovic@ogletree.com
9130 S. Dadeland Blvd., Suite 1625
Miami, FL 33156
T: 305.374.0506; F: 305.374.0456
-and-
**Robert C. Perryman, Esq.,** (pro hac vice)
robert.perryman@ogletree.com
1735 Market Street, Suite 3000
Philadelphia, PA 19103
T: 215.995.2821; F: 215.995.2801

*Attorneys for Defendants NR Florida*
*Associates, LLC, NR Pennsylvania*
*Associates, LLC,*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 9, 2025, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

*/s/ Patrick F. Martin*_____

Attorney

## SERVICE LIST

*Williams et al v. Retreat Behavioral Health, LLC et al*
*Case No. 9:24-cv-80787-DMM*
*United States District Court, Southern District of Florida*

Michael Anthony Pancier
Michael A. Pancier, P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
Email: mpancier@pancierlaw.com

Ryan David Barack
Kwall Barack Nadeau PLLC
304 S Belcher Road, Suite C
Clearwater, FL 33765
Email: rbarack@employeerights.com

Michelle Erin Nadeau
Kwall Barack Nadeau PLLC
304 S. Belcher, Suite C
Clearwater, FL 33765
Email: mnadeau@employeerights.com

Maja Veselinovic
Ogletree Deakins Nash Smoak & Stewart
Labor & Employment
9130 S. Dadeland Boulevard, Suite 1625
Miami, FL 33156
Email:
maja.veselinovic@ogletreedeakins.com
Patrick F. Martin
Deakins, Nash, Smoak & Stewart, P.C.
9130 S Dadeland Boulevard, Ste 1625
Miami, FL 33156
Email: pfmartin@ogletree.com

Robert C. Perryman
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
BNY Mellon Center Suite 3000
1735 Market Street
Philadelphia, PA 19103
Email:
robert.perryman@ogletreedeakins.com

Peter David Ticktin
Ticktin Law Group PA
600 W Hillsboro Boulevard
Suite 220
Deerfield Beach, FL 33441-1610
Email: pt@legalbrains.com

Ryan Fojo
Ticktin Law Group PA
600 W Hillsboro Boulevard
Suite 220
Deerfield Beach, FL 33441-1610
Email: RFojo@LegalBrains.com

Robyn Sue Hankins
Robyn S. Hankins, PL
1217 Merlot Drive
Palm Beach Gardens, FL 33410
561-721-3890
Email: robyn@hankins-law.com

NR Connecticut, LLC
3543 Main Street, 2nd Floor
Bridgeport, CT 06606
PRO SE

Method of Service:  CM/ECF