UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80787-MATTHEWMAN

MIA WILLIAMS, et al.,

    Plaintiffs,

v.

RETREAT BEHAVIORAL HEALTH, LLC, et al.,

    Defendants.

_____/

FILED BY SW D.C.
Apr 30, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**OMNIBUS ORDER ON MOTIONS TO DISMISS**[1]

THIS CAUSE is before the Court upon various Defendants' Motions to Dismiss Second Amended Class Action Complaint [DE 74]. The Motions are ripe for review.

This is a purported Class Action Lawsuit[2] by various former employees against their former employers for violations of state and federal wage-and-hour laws and for violations of federal employee termination statutes. The statutes include the Fair Labor Standards Act of 1938 ("FLSA"), the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"), the Florida Constitution, Art. X, Sec. 24, and wage statutes under Connecticut and Pennsylvania law. [DE 74]. This case involves numerous corporate and individual defendants.

The Court previously dismissed Plaintiff's First Amended Complaint for failure to allege sufficient facts under the FLSA, the WARN Act, the Florida Constitution, and the minimum wage

---

[1] There are five pending motions to dismiss, as follows: Defendant Estate of Peter Schorr's Motion to Dismiss [DE 88], Defendant Alexander Hoinsky's Motion to Dismiss [DE 97], Defendant Chrissy Gariano's Motion to Dismiss [DE 98], Defendants David Silberstein, Coal Capital Ephrata, LLC, Coal Capital Group, LLC, CLW Holdings, LLC, Coal Capital Holdings (Florida) LLC, and Coal Connecticut, LLC's Amended Motion to Dismiss [DE 149], and Defendant Coal Lake Worth, LLC, HFGC Florida, LLC, and James Young's Motion to Dismiss [DE 156]. To note, a bankruptcy stay has been entered as to Defendant Coal New Haven LLC. [DE 145].

[2] Plaintiffs filed motions for class certification under Federal Rule of Civil Procedure 23 and for a collective action under the FLSA. *See* DEs 80, 81.

statutes under Connecticut and Pennsylvania law. [DE 72]. The Court also found that the First Amended Complaint was a shotgun pleading. *Id.* The Undersigned adopts and incorporates the previous Omnibus Order on Motions to Dismiss [DE 72] for reference.

Defendants now raise similar arguments as they previously did.[3] They argue that the Second Amended Complaint suffers from the same deficiencies as the First Amended Complaint, i.e., that Plaintiffs still fail to plead sufficient factual allegations.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Pleadings, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 680–81 (citations omitted). The Court must review the "well-pleaded factual allegations" and, assuming their veracity,

---

[3] Defendant Estate of Peter Schorr was not a part of its co-defendants' previous motions to dismiss. However, Estate of Peter Schorr's Motion to Dismiss raises similar arguments as its co-defendants.

"determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A plaintiff must, under *Twombly*'s construction of Rule 8 cross the line "'from conceivable to plausible.'" *Id.* at 680 (citation omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Here, the Court has reviewed the First Amended Complaint [DE 4], prior Omnibus Order on Motions to Dismiss [DE 72], Second Amended Complaint [DE 74], and all of Defendants' Motions to Dismiss. Simply, Plaintiffs' allegations now raise a cognizable claim that give each defendant notice of the actions against them. Also, the Second Amended Complaint complies with the Omnibus Order on Motions to Dismiss, and states claims under the FLSA, the WARN Act, the Florida Constitution, and the minimum wage statutes under Connecticut and Pennsylvania law. The Court can see how Plaintiffs followed the Court's prior Order and addressed their previous pleading insufficiencies. Defendants may renew their arguments at the summary judgment stage.

Therefore, Defendants Motions to Dismiss [DEs 88, 97, 98, 149, 156] are **DENIED**.[4]

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of April 2025.

WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[4] Moreover, the Court rejects Defendant Estate of Peter Schorr's argument that Plaintiffs are attempting to hold the Estate of Peter Schorr liable for actions after Peter Schorr's death. [DE 88 at 5–6]. The Court agrees with Plaintiffs that, as plead, Plaintiffs are attempting to hold the Estate of Peter Schorr liable for actions taken up until his death. *See* DE 74 ¶¶ 115–120. Regardless, this issue is better suited for summary judgment and may be raised at that stage.