# **EXHIBIT 2**

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA.

CASE NO. 50-2024-CA-003882-XXXA-MB

LAPIS MUNICIPAL OPPORTUNITIES FUND
III, LP,

    Plaintiff,

vs.

COAL LAKE WORTH LLC, HFGC FLORIDA
LLC and UNKNOWN TENANT NO. 1 n/k/a
NR FLORIDA ASSOCIATES, LLC d/b/a
RETREAT BEHAVIORAL HEALTH,

    Defendant(s),

_____/

## ORDER (1) SCHEDULING A HEARING ON SALE OF PROPERTY, (2) APPROVING BID PROCEDURES, (3) APPROVING THE FORM AND MANNER OF NOTICE, AND (4) AUTHORIZING RECEIVER TO ENTER INTO PURCHASE AND SALE AGREEMENT AND GRANT BUYER PROTECTIONS

THIS MATTER came before the Court on the Joint Motion (the "Motion")[1] of James W. Young, in his capacity as receiver (the "Receiver") and Plaintiff Lapis Municipal Opportunities Fund III, LP (the "Plaintiff" or "Lapis"), seeking among other things, entry of an order: (1) scheduling a hearing (the "Sale Hearing") seeking approval of the sale (the "Sale") of certain real property owned by HFGC Florida LLC ("HFGC") and located at 4020 Lake Worth Rd., Lake Worth, Florida 33462 (also known as 4140 Lake Worth Rd., Lake Worth Beach, Florida, 33461) (together, the "Property"[2]), free and clear of all liens, claims, encumbrances, and other interests,

---

[1] Capitalized terms not defined in this Order shall have their meanings set forth in the Motion, or, if not defined therein, in the Bid Procedures.

[2] The sale of the Property expressly excludes any assets of NR Florida Associates LLC whether located at the Property or not, or other parties that may hold personal property at the Property.

other than permitted liens and assumed obligations as more fully described herein (collectively, the "Interests"), (2) approving certain procedures for the submission of qualified bids for the Property (the "Bid Procedures," a copy of which is attached as Exhibit 1 hereto), (3) approving the form and manner of notice of the Bid Procedures, the Auction, and the Sale Hearing, and (4) authorizing the Receiver to enter into the PSA (defined below, a copy of which is attached hereto as Exhibit 2) and approving the grant of the Bid Protections (defined herein) to the Stalking Horse (defined herein) (subclauses (1) – (4) above, collectively, the "Sale Process"). The Court having considered the Motion, held a hearing to consider the Motion on March 6-7, 2025, having examined the pleadings and papers on file, being advised in the premises and having considered the oral argument, evidence submitted, and objections filed thereto:

**THE COURT HEREBY ORDERS AND ADJUDGES** as follows:

A. The Receiver has articulated good and sufficient reasons for (i) approval of the Bid Procedures, (ii) approval of the PSA (as defined below), (iii) approval of the Bid Protections, (iv) authorizing payment of the Bid Protections to the Stalking Horse under the circumstances described in the Bid Procedures and the PSA (as defined below), (v) approval of the form and manner of notice of all Bid Procedures, and related agreements described in the Motion; (vi) scheduling of the Auction (if necessary) and approval of the manner of notice thereof; and (vii) all related relief set forth herein. The good and sufficient reasons articulated by the Receiver, which were set forth in the Motion and on the record at the hearing held before this Court on March 6-7, 2025, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

B. The Receiver has a number of powers and duties pursuant to this Court's *Revised Receiver Order* [Docket No. 39]. Among other things, the Receiver is authorized to take possession, custody and control of, and to solicit offers for the sale of the Property.

2

C. On September 15, 2024, the Receiver engaged Blueprint Healthcare Real Estate Advisors, LLC (the "Broker") as its agent to provide brokerage and marketing services in an effort to identify and secure a viable prospective purchaser of the Property.

D. As a result of the Broker's efforts on behalf of the Receiver, on February 6, 2025, the Receiver and Blue Cane Properties, LLC (the "Stalking Horse") entered into that certain Purchase and Sale Agreement (the "PSA") for the purchase of the Property, which sale is expressly subject to approval by this Court.

E. Pursuant to the PSA, the Stalking Horse has agreed to purchase the Property for a cash purchase price of $15,000,000 plus assumed liabilities pursuant to the terms and conditions of the PSA filed with this Court on February 6, 2025.

F. The Bid Procedures, attached as Exhibit 1 hereto and incorporated herein by reference as if fully set forth in this Order, are fair, reasonable, and appropriate, and represent the best method for maximizing the value of the Property for the benefit of the Receivership Estate.

G. The Receiver holds limited available cash with which to maintain the Property and projects to exhaust the funds available to maintain the Property by the end of April 2025. A ~~n~~ *reasonably* expedited sale of the Property is necessary to avoid waste and to maximize the value of the Property for, among others, HFGC's creditors.

H. Approval of the Receiver's ability to enter into the PSA with the Stalking Horse is in the best interests of the Receivership Estate and its creditors, and it reflects a sound exercise of business judgment.

Accordingly, having considered the arguments, evidence and materials submitted by all interested parties in connection with the provisions of the Motion that relate to the Sale Process,

\* Defendants continue to assert defenses which they contend may undermine Plaintiff's effort to cause a sale. The Court intends to allow time to address those if Defendants expeditiously move forward. Unnecessary delay causes waste, etc.

3

and further having considered the complete record in this case and all matters about which this Court may and must take judicial notice,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. <u>Sale Process Approved.</u> All provisions of the Motion that relate to or seek approval of the Sale Process are incorporated herein and are hereby approved, subject to the terms of this Order.

2. <u>Best Interest; Compliance with Law.</u> The Court finds that entry of this Order is reasonable and in the best interest of the Receivership Estate. The Bid Procedures are fair and reasonable and will further permit the Receiver to conduct an orderly sale process to obtain the highest and best offer on the best possible terms for the sale of the Property. In addition, the Court finds that the Bid Procedures comply with requisite notice requirements.

3. <u>Bid Procedures.</u> The Bid Procedures attached as <u>Exhibit 1</u> hereto are incorporated herein and are hereby approved. The Court further finds that the process and requirements associated with submitting a Qualified Bid (as defined in the Bid Procedures) are fair, reasonable, appropriate and designed to maximize recoveries for the benefit of the Receivership Estate, creditors and other parties in interest.

4. <u>Bid Protections.</u> The Receiver is hereby authorized to grant buyer protections to the Stalking Horse, of: (a) a break-up fee in the amount of $450,000 (the "<u>Break-Up Fee</u>") as well as an expense reimbursement of $25,000 (the "<u>Expense Reimbursement</u>"), each to be paid solely from the proceeds of the closing of an Alternative Transaction with an alternative purchaser in accordance with the Bid Procedures, and (b) and an initial minimum overbid in the aggregate cash consideration of $15,500,000 (collectively, with the Break-Up Fee and Expense Reimbursement, the "<u>Bid Protections</u>"). All Bid Protections granted by the Receiver to the Stalking Horse in

accordance with the terms and conditions of this Order are hereby approved by the Court. If the Receiver closes a sale with a purchaser other than the Stalking Horse in accordance with the Bid Procedures (such event being an "Alternative Transaction"), the Receiver shall pay, and is hereby authorized to pay, to the Stalking Horse, within two (2) Business Days after the consummation of the Alternative Transaction, an amount in cash equal to the Break-Up Fee and Expense Reimbursement solely from the proceeds of the Alternative Transaction. To the extent HFGC exercises its right of redemption as prescribed by Florida Statute § 45.0315, such statutory right of redemption shall not constitute an Alternative Transaction. To ensure clarity, the Stalking Horse shall not be entitled to any such Bid Protections in the event extent HFGC exercises its statutory right of redemption pursuant to Florida Statute § 45.0315.

5. Bid Protections Only for Stalking Horse. No person or entity, other than the Stalking Horse, shall be entitled to any expense reimbursement, break-up fees, "topping," termination, substantial contribution, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request, or to file with this Court any request, for expense reimbursement or any fee of any nature.

6.7 Sale Hearing. The Sale Hearing to consider whether to approve the Sale shall be held on, MAY 7, 2025 at 4:00 p.m. (Eastern Time) before the Hon. G. Joseph Curley, Courtroom 11C, Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida 33401; *provided*, that the hearing shall be conducted by Zoom/video conferencing. Any objection to approval of the Sale shall be in writing and shall set forth (i) the nature of the objector's claims against or interests in the Defendant, (ii) the factual and legal basis for the objection, and (iii) all evidence in support of said objection, and shall be filed with this Court and served so as to be received on or before 4:00 p.m. (Central Time) on April 7, 2025 by (a) the Receiver, at

jameswyoung@msn.com; (b) counsel for the Receiver, Ogletree Deakins, 9130 S. Dadeland Boulevard, Miami FL 33156, Attn: Maja Veselinovic (maja.veselinovic@ogletree.com); (c) counsel for Lapis, Troutman Pepper Locke, LLP, 111 Huntington Drive, 9th Floor, Boston, MA 02199, Attn: Adrienne K. Walker (awalker@troutman.com) and Shutts & Bowen LLP, 525 Okeechobee Blvd # 1100, West Palm Beach, FL 33401, Attn: Scott Silver (ssilver@shutts.com); (d) counsel to HFGC, Kaba Law Group, P.L.L.C. 8180 N.W. 36 ST. Suite 420, Doral, FL 33166, Attn: Moises Kaba (court_docs@kabalaw.com); and (e) counsel for the Stalking Horse, Beighley, Myrick, Udell, Lynne & Zeichman P.A., 1255 W. Atlantic Blvd. Suite 314, Pompano Beach, FL 33069, Attn: Edward L. Myrick (emyrick@bmulaw.com). The bid representing the Successful Bid and the Backup Bid shall be deemed accepted by the Receiver only if the Court approves such bid at the Sale Hearing. The Receiver may seek adjournment of the Sale Hearing without further notice.

7. <u>Notice of Sale.</u> Not more than two (2) business days following entry of this Order, the Receiver shall serve via first-class mail a notice regarding the Bid Procedures, the Auction, and the Sale Hearing in the form substantially similar to that attached as <u>Exhibit 3</u> hereto (the "Sale Notice") on the following entities: (i) all known holders of liens and security interests in the Property; (ii) the Defendants; (iii) all parties that contacted the Broker, the Receiver or their respective advisors in connection with the marketing and sale process for the Property; and (iv) all parties that made written request to the Broker or the Receiver for notices regarding the Sale. In addition, the Receiver will publish a summary form of the Sale Notice (substantially in the form attached as <u>Exhibit 4</u> hereto) prior to the Bid Deadline in *The Palm Beach Post*. This service and publication of the Sale Notice shall constitute good and sufficient notice of the Bid Procedures, the Auction, and the Sale Hearing on all creditors and parties in interest and is fair, reasonable and

in compliance with due process requirements for all interested parties. The form of the Sale Notice provides adequate notice of the time fixed for filing objections and the hearing to consider approval of the sale and is hereby approved.

8. <u>Auction.</u> The Auction shall be conducted by the Receiver beginning at 11:00 a.m. (Eastern time) on April 10, 2025 at the offices of Shutts & Bowen, LLP, 525 Okeechobee Blvd # 1100, West Palm Beach, Florida 33401. The Court finds that the location of the Auction is fair and commercially reasonable, in compliance with requisite requirements and due process for all interested parties, and will permit the Receiver to conduct an orderly sale to obtain the best offer on the best possible terms for the Property.

9. <u>Sale Free and Clear of Liens, Claims and Encumbrances.</u> The Receiver proposes to sell the Property to the Successful Bidder free and clear of all Interests. All such Interests shall, however, attach to the net sale proceeds held by the Receiver from the disposition of the Property in the same priority, extent, and amount as such Interests enjoyed with respect to the Property immediately prior to Closing. The Court has reviewed the Receiver's proposed plan for publishing and serving the Sale Notice, as well as the actual proposed notice language contained in the Sale Notice, and finds that a sale of the Property free and clear of the Interests after publication and service of the Sale Notice to be fair, reasonable and in compliance with requisite requirements, the Receivership Order, and due process.

10. <u>Right of Redemption/Right of Possession.</u> HFGC shall have a right of redemption as prescribed by Florida Statute § 45.0315.

11. <u>Objections Overruled.</u> All objections to the Motion with respect to the Sale Process, the Bid Procedures, the Assumption and Assignment Procedures, the Auction, the Sale Notice and

the Sale Hearing, with exception of the right to file objections as set out in paragraph 6 above, are hereby overruled.

**Exhibits Referenced and Incorporated Hereto**

Exhibit 1 – Bid Procedures
Exhibit 2 – PSA
Exhibit 3 – Sale Notice
Exhibit 4 – Summary Sale Notice

**DONE and ORDERED** in Chambers, Palm Beach County, Florida, this ___ day of ___March___ 2025.

G. Joseph Curley, Jr.
Circuit Court Judge

Copies furnished to:
All counsel of record.

8