UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-80787-MATTHEWMAN

MIA WILLIAMS, et al.,

    Plaintiffs,

v.

RETREAT BEHAVIORAL HEALTH, LLC, et al.,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [DE 80] AND MOTION FOR CERTIFICATION OF A COLLECTIVE ACTION [DE 81]

THIS CAUSE is before the Court upon Plaintiffs Mia Williams, Brittany Calvert, and Alisa Leggett's ("Plaintiffs")[1] Renewed Motion for Class Certification and Approval of Class representatives, Class Counsel, and Notice [DE 80] and Renewed Motion for Certification of a Collective Action [DE 81] (collectively "Motions"). Defendant Estate of Peter Schorr filed a limited response in opposition [DE 106].[2] Otherwise, no other defendant responded to the Motions. For the following reasons, the Motions are **GRANTED**.

### I.    BACKGROUND

This is a purported Class Action Lawsuit by various former employees against their former employers for violations of state and federal wage-and-hour laws and for violations of federal employee termination statutes. The statutes include the Fair Labor Standards Act of 1938 ("FLSA"), the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"), the Florida Constitution, Art. X, Sec. 24, and wage statutes under Connecticut and Pennsylvania law.

---

[1] Plaintiff Dedtra Davis was subsequently withdrawn as a named Plaintiff. [DE 165].
[2] The Court has addressed Defendant Estate of Peter Schorr's concerns in prior Orders. *See* DEs 143, 153, 168, 170.

[DE 74]. This case involves numerous corporate and individual defendants.

Plaintiffs allege that they were terminated on or about June 21, 2024, pursuant to Defendants[3] ordering "plant shutdowns" or "mass layoffs" in violation of the WARN Act. [DE 74, Second Amended Complaint, ¶ 128, 156]. Also, Plaintiffs allege that they were not paid from June 3, 2024, through their termination. *Id.* ¶¶ 177, 188, 202, 217.

Now, Plaintiffs move for their WARN Act and state wage law claims, Counts I, III, IV, and V, to be certified as a class action under Federal Rule of Civil Procedure 23. [DE 80]. They also move for their FLSA claim, Count II, to be certified as a collective action under 29 U.S.C. § 216(b). [DE 81].

Plaintiffs seek to certify a class under Federal Rule of Civil Procedure 23 consisting of:

> All former employees of Retreat Behavioral Health, or its related entities, who worked at or reported to Defendant's facilities in Florida, Pennsylvania, and Connecticut and were not given a minimum of 60 days written notice of termination and whose employment was terminated without cause on or about June 26, 2024, within 30 days of that date or thereafter, as part of, or as the reasonably expected consequence of the mass layoffs or plant closings (as defined by the Workers Adjustment and Retraining Notification Act of 1988); and/or

### Florida Subclass

> All former employees of Retreat Behavioral Health who worked at or reported to Defendant's facilities in Florida, performed work between June 3, 2024 and June 26, 2024, and were not paid for all wages for work performed as required by Article X, Section 24 of the Florida Constitution.

### Pennsylvania Subclass

> All former employees of Retreat Behavioral Health who worked at or reported to Defendant's facilities in Pennsylvania, performed work between June 3, 2024 and June 26, 2024, and were not paid for all wages for work performed as required by

---

[3] The Defendants include Retreat Behavioral Health, LLC, NR Florida Associates, LLC, Christy Gariano, Alexander Hoinsky, Estate of Peter Schorr, NR Pennsylvania Associates, LLC, James Young, in his capacity as temporary Receiver of NR Pennsylvania Associates, LLC, NR Connecticut, LLC, DRPS Management, LLC, Coal Lake Worth, LLC, Coal New Haven LLC, Coal Capital Ephrata, LLC, Coal Capital Group, LLC, HFGC Florida, LLC, David Silberstein, CLW Holdings, LLC, Coal Capital Holdings (Florida) LLC, and Coal Connecticut, LLC. Essentially, Plaintiffs claim that all of these entities and individuals are their employers for the purposes of this case, all functioning under Retreat Behavioral Health, LLC.

2

43 P.A. Stat. § 260.1, *et. seq*.

Connecticut Subclass

All former employees of Retreat Behavioral Health who worked at or reported to Defendant's facilities in Connecticut, performed work between June 3, 2024 and June 26, 2024, and were not paid for all wages for work performed as required by CT GEN STAT § 31–58, *et seq*.[4]

[DE 170]. Plaintiffs also ask the Court to appoint Mia Williams, Brittany Calvert, and Alisa Leggett as class representatives,[5] appoint Ryan Barack, Michelle Nadeau, and Michael Pancier as class counsel, and approve the proposed class notice. [DE 80].

Plaintiffs also seek to certify a collective action under 29 U.S.C. § 216(b) consisting of:

All former employees of Retreat Behavioral Health, or its related entities, who were not paid the minimum wage and/or overtime required by the Fair Labor Standards Act for all hours worked between June 3, 2024 and June 26, 2024.[6]

[DE 81; DE 170]. Plaintiffs also request that the proposed notice be approved to be sent to all employees who are included in the Rule 23 class. [DE 81 at 12].

## II.  LEGAL STANDARDS

### A. Rule 23 Class Action

Class certification is governed under Federal Rule of Civil Procedure 23. Before the Court can turn to Rule 23's requirements, "[c]lass representatives bear the burden to establish that their proposed class is adequately defined and clearly ascertainable[.]" *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1302 (11th Cir. 2021) (internal quotation marks and citation omitted).

Turning to Rule 23, a class action may be certified if the class meets the following requirements: (1) the class is so numerous that joinder of all members is impracticable

---

[4] The Court previously ordered that Plaintiffs provide supplemental briefing to better define the class and propose subclasses. [DE 168]. The Court finds that the use of subclasses is appropriate here, as explained below, and takes this proposed class from Plaintiffs' supplemental briefing. [DE 170].
[5] Plaintiffs also sought appointment of Dedtra Davis as a class representative, but she has been since withdrawn as a named plaintiff in this case. [DE 165].
[6] The Court updated the proposed class based on Plaintiffs' supplemental briefing.

(numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

"If the proposed class satisfies the four factors of numerosity, commonality, typicality, and adequacy, it must then demonstrate entitlement to class relief under one of the three provisions in Rule 23(b)." *Nuwer v. FCA United States LLC*, 343 F.R.D. 638 (S.D. Fla. 2023) (citing *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1279 (11th Cir. 2000)).

Under Rule 23(b)(3), a proposed class may be certified if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The trial court must conduct a "rigorous analysis" to ensure that the proposed class complies with Rule 23. *Id.* at 350–51 (citation omitted).

B. **FLSA Collective Action**

Title 29 U.S.C. § 216(b) "authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Id.* at 1258 (citing *Anderson v. Cagle's*, 488 F.3d 945, 952 (11th Cir. 2007)). "The Eleventh Circuit has established a two-stage approach in determining whether employees are

similarly situated in opt-in collective actions: First, at the notice stage, the court determines—based on the pleadings and affidavits–'whether notice of the action should be given to potential class members who could be similarly situated.'" *Wallen v. Svensk Mgmt., Inc.*, No. 20-61690-CIV, 2021 WL 2592176, at *2 (S.D. Fla. Mar. 22, 2021) (citing *Mickles v. Country Club Inc.,* 887 F.3d 1270, 1276 (11th Cir. 2018)). "This stage, which is usually based only on the pleadings and any affidavits submitted, typically results in 'conditional certification' of a representative class." *Mickles*, 887 F.3d at 1276 (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id.*

### III.  DISCUSSION

At the outset, the Court finds that it is appropriate to maintain a section 216(b) collective action and a Rule 23(b)(3) class action in the same proceeding in this case. *Calderone v. Scott*, 838 F.3d 1101, 1105 (11th Cir. 2016).

#### A. Rule 23 Class Action

Plaintiffs argue that class certification is appropriate under Rule 23 because Defendants employed more than 641 employees as of May 2024, ordered "plant shutdowns" or "mass layoffs" on or about June 21, 2024, and did not pay employees from June 3, 2024, through their termination. [DE 80 at 2–5]. Plaintiffs also assert that "[w]ith respect to the state law wage claims, the class of employees who did not receive pay for all hours of work is wholly within the class of those who did not receive WARN notice." *Id.* at 2.[7] The Court addresses the requirements of Rule 23 in turn.

---

[7] To note, the Court could not find, nor did Plaintiffs point out, a case in this district in which a court certified a Rule 23 class action for WARN Act and state law wage claims as one class and then certified a FLSA collective action. However, given the facts of this specific case, the Court finds that it is appropriate here.

1. <u>Numerosity</u>

Plaintiffs claim that joinder of all affected employees would be impractical. *Id.* at 8. "[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (internal quotation marks and citation omitted). Further, "[p]racticability of joinder depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986).

Here, the Court finds that the numerosity requirement is satisfied. Plaintiffs' counsel confirms that he has reviewed Defendants' payroll records, and based on this review, he has identified at least 641 people as potential class members. *See* DEs 80-1, 80-2, 80-3, 80-4, 80-5. Because it would be impractical to individually join at least 641 former employees spread across numerous states for the WARN Act and state wage law claims, the numerosity requirement is met.

2. <u>Commonality</u>

Plaintiffs assert commonality exists because the affected employees share the common questions of "whether their termination due to the mass layoff or closing of [Retreat Behavioral Health, LLC] required notice under the WARN Act and whether they are due wages for their final workweeks." [DE 80 at 10]. "The commonality requirement demands only that there be 'questions of law or fact common to the class.'" *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009) (citation omitted). There must be "at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (citation omitted).

Here, commonality is met. The common questions to all class members include whether Defendants were employers as defined under the WARN Act, whether the terminations conducted on or about June 21, 2024, constitute "plant shutdowns" or "mass layoffs" under the WARN Act, whether Defendants complied with the WARN Act notice requirements, and whether all hours of work were paid between June 3, 2024, and June 26, 2024. Therefore, there are common questions for all class members.

3. Typicality

Typicality is met when there is a "sufficient nexus [] between the claims of the named representatives and those of the class at large." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Here, a sufficient nexus exists between the representative plaintiffs and the putative class. The same legal theory and injury are typical to the representative plaintiffs and putative class—whether employees were terminated without notice in violation of the WARN Act and compensated accordingly, and whether employees were paid for all hours worked. While there may be individualized damages between the class members, "[d]ifferences in the amount of damages between the class representative and other class members does not affect typicality." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (citation omitted). Thus, typicality is satisfied.

4. Adequacy

Adequacy requires that "the representative parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy-of-representation requirement encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008) (internal quotation

7

marks and citation omitted). The Court does not foresee a conflict of interest between the representative plaintiffs and their lawyers and the putative class. *See* DE 80-6. The representatives and the putative class share nearly identical interests—recovering compensation under the WARN Act and back wages under state law. The Court also finds the representative plaintiffs and their lawyers will adequately prosecute this action. *See id.*; DE 80-1. Thus, adequacy is met.

Based on the foregoing, Plaintiffs have satisfied Rule 23(a)'s requirements for class certification.

5. <u>Rule 23(b)(3): Predominance and Superiority</u>

In satisfying Rule 23(b), Plaintiffs rely on Rule 23(b)(2), "asserting that common questions of law or fact predominate and that the class action is superior to other methods of proceeding in the case." [DE 80 at 15]. The Court must consider both predominance and superiority. *See Vega*, 564 F.3d at 1277.

To meet the predominance requirement, "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (quoting *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1557–58 (11th Cir. 1989)).

First, the Court finds that the issues applicable to the class as a whole predominate. Class members are all former employees of Retreat Behavioral, LLC, and its related entities. Class members' claims arise out of their termination on or about June 21, 2024, and whether they were paid all wages for hours worked from June 3, 2024, through June 26, 2024. While there may be individualized damages, courts in this district have found that the predominance requirement is met in similar circumstances. *See Mowat v. DJSP Enterprises, Inc.*, No. 10-62302-CIV, 2011 WL

13217002, at *5 (S.D. Fla. Aug. 23, 2011), *report and recommendation adopted*, No. 10-62302-CIV, 2011 WL 13214331 (S.D. Fla. Sept. 26, 2011) (collecting cases showing that federal courts "routinely" find that WARN Act classes meet the predominancy test); *Nawaz v. Dade Med. Coll.*, No. 1:15-CV-24129, 2016 WL 11600723, at *3 (S.D. Fla. Mar. 1, 2016) (certifying a state law wage claim class). Thus, predominance is met here.

Second, the Court finds that a class action is a superior vehicle to conduct the litigation. The Court has considered the factors under Rule 23(b) including: (1) "the class members' interests in individually controlling the prosecution or defense of separate actions;" (2) "the extent and nature of any litigation concerning the controversy already begun by or against class members;" (3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"; and (4) "the likely difficulties in managing a class action." First, the Court has not been made aware of any class members' interests in controlling individual actions. Rather, given that the individual claims here are relatively small, "it is not unlikely that the costs of litigation would preclude any individual employee from bringing such an action." *Kelly v. SabreTech Inc.*, 195 F.R.D. 48, 54 (S.D. Fla. 1999); [DE 80 at 17]. Second, the parties have not apprised the Court of any ongoing litigation concerning the class members. Third, the Southern District of Florida is a desirable forum given that "most of the prospective class members live in or around West Palm Beach, Florida[.]" [DE 80 at 17]. Fourth, the Court does not foresee difficulties in managing a class action. Thus, superiority is met.

Therefore, Plaintiffs have met Rule 23(b)'s requirements.

6. <u>Subclasses</u>

The Court also finds that the creation of the Florida, Pennsylvania, and Connecticut subclasses is appropriate to account for the state wage law claims. *See In re Checking Account*

*Overdraft Litig.*, 281 F.R.D. 667, 680 (S.D. Fla. 2012) (finding "that the creation of subclasses to address variations in state law is appropriate here, and will make this case manageable as a class action").

Accordingly, for these reasons, Rule 23 is satisfied, and the Court certifies the above-defined proposed class and three subclasses.

### B. FLSA Collective Action

The Court has independently reviewed Plaintiffs' Renewed Motion for Certification of a Collective Action [DE 81] and attachments and finds that Plaintiffs have met the standard for certifying the collective. Here, all potential opt-in plaintiffs are coworkers of the named-plaintiffs and were subject to the same harm—the nonpayment of their wages for their weeks at work. [DE 81 at 10].

Therefore, Plaintiffs meet the lenient standard for conditional certification, and a collective action will be conditionally certified as to the above-defined collective.

### IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' Renewed Motion for Class Certification and Approval of Class Representatives, Class Counsel, and Notice [DE 80] is **GRANTED**.

2. The following class and three subclasses are **CERTIFIED** under Federal Rule of Civil Procedure 23:

   All former employees of Retreat Behavioral Health, or its related entities, who worked at or reported to Defendant's facilities in Florida, Pennsylvania, and Connecticut and were not given a minimum of 60 days written notice of termination and whose employment was terminated without cause on or about June 26, 2024, within 30 days of that date or thereafter, as part of, or as the reasonably expected consequence of the mass layoffs or plant closings (as defined by the Workers Adjustment and Retraining Notification Act of 1988); and/or

<u>Florida Subclass</u>

All former employees of Retreat Behavioral Health who worked at or reported to Defendant's facilities in Florida, performed work between June 3, 2024 and June 26, 2024, and were not paid for all wages for work performed as required by Article X, Section 24 of the Florida Constitution.

<u>Pennsylvania Subclass</u>

All former employees of Retreat Behavioral Health who worked at or reported to Defendant's facilities in Pennsylvania, performed work between June 3, 2024 and June 26, 2024, and were not paid for all wages for work performed as required by 43 P.A. Stat. § 260.1, *et. seq*.

<u>Connecticut Subclass</u>

All former employees of Retreat Behavioral Health who worked at or reported to Defendant's facilities in Connecticut, performed work between June 3, 2024 and June 26, 2024, and were not paid for all wages for work performed as required by CT GEN STAT § 31–58, *et seq*.

3. For the Rule 23 class, Mia Williams, Brittany Calvert, and Alisa Leggett are **APPOINTED** as class representatives, and Ryan Barack, Michelle Nadeau, and Michael Pancier are **APPOINTED** as class counsel.

4. Plaintiffs' Renewed Motion for Certification of Collective Action [DE 81] is **GRANTED**.

5. The following collective is **CONDITIONALLY CERTIFIED** as a collective action under 29 U.S.C. § 216(b):

   All former employees of Retreat Behavioral Health, or its related entities, who were not paid the minimum wage and/or overtime required by the Fair Labor Standards Act for all hours worked between June 3, 2024 and June 26, 2024.

6. For the FLSA Collective Action, Mia Williams, Brittany Calvert, and Alisa Leggett are designated as the representatives of the FLSA Collective members, and Ryan Barack,

Michelle Nadeau, and Michael Pancier are designated as counsel for the FLSA Collective members.

7. The proposed notice and consent to join forms [DE 171-2] are **APPROVED**.

8. Plaintiffs' counsel shall have until **June 23, 2025,** to mail the notice and consent forms to all potential putative class members and opt-in plaintiffs.

9. Individuals who receive notices of the FLSA Collective Action shall have until **August 22, 2025,** to file their consent forms opting into the FLSA Collective Action.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of May 2025.

WILLIAM MATTHEWMAN
United States Magistrate Judge