UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 24-cv-80787-DMM/Matthewman

**MIA WILLIAMS, ET AL.,**

    *Plaintiffs,*

v.

**RETREAT BEHAVIORAL
HEALTH, LLC, ET AL.,**

    *Defendants.*

_____/

**JOINT MOTION TO APPROVE CLASS SETTLEMENT
AND ESTABLISH SETTLEMENT PROCEDURES
AS TO DEFENDANT THE ESTATE OF PETER SCHORR**

Plaintiffs Mia Williams, Brittany Calvert, and Alisa Leggett, who represent a class of former employees of Retreat Behavioral Health, ("Class Representatives"), and the Estate of Peter Schorr ("Schorr Estate")(collectively the "Parties"), file this Joint Motion to Approve Class Settlement and Establish Settlement Procedures as to Defendant The Estate of Peter Schorr, which would resolve the claims between the identified Parties, in the above-styled case.

**I.     Introduction**

The Court should grant preliminary approval because the Settlement resolves with finality the class and collective claims with the Schorr Estate. Considering the likelihood of success, the procedural history of this case, and the size of the Estate, the Settlement is within the range of reasonableness. The Settlement was reached after the close of discovery in this case, after a lengthy

mediation with a third-party mediator, and is the result of arm's-length negotiations between the Parties.

Plaintiffs, on behalf of themselves and all others similarly situated, brought claims against the Schorr Estate under the Fair Labor Standards Act ("FLSA") and state wage laws as a class and collective action lawsuit. The Schorr Estate and the Class Representatives participated in mediation efforts and despite each respective parties' position on the claim, the Parties have agreed to settle this matter. The Parties are in agreement that the Settlement is fair, adequate, and reasonable in light of all circumstances and should be preliminarily approved as set forth below.

For these reasons, and those stated below, the Parties respectfully request the Court:

(1) Grant preliminary approval of the Settlement;

(2) Approve the schedule, form, contents, and the method of service of the notice;

(3) Approve the objection procedures; and

(4) Schedule a fairness hearing on final settlement approval to occur at the first available date following the notice period and following approval of the settlement by the Fifteenth Judicial Circuit Probate Court.

## II. **Background on the Litigation**

Plaintiffs are former employees of Retreat Behavioral Health, a business focused on providing behavioral health care services in Florida, Pennsylvania, and Connecticut. (the "Retreat Facilities") On or about June 24, 2024, Retreat Facilities' then-CEO, Peter Schorr, passed away unexpectedly. Shortly after, most employees were terminated and each of the Retreat Facilities were closed. Plaintiff initiated this lawsuit alleging violations of the WARN Act, the FLSA, and state law wage claims against the Retreat Facilities, related entities, and several individuals, including the Estate of Peter Schorr. A class and collective action has been certified as outlined below.

At mediation, the Parties were able to reach a resolution as to all claims against the Estate of Peter Schorr.

### III. Summary of Settlement Terms

The Settlement terms are delineated in the Parties' Settlement Agreement ("Settlement Agreement"), attached as Exhibit 1. The following is a summary of the material terms.

#### A. The Settlement Class

The Settlement Class is an opt-out class under Federal Rule of Civil Procedure 23(b) comprised of three subclasses. On May 23, 2025, the Court certified the following Rule 23 Class/Subclasses:

> All former employees of Retreat Behavioral Health, or its related entities, who worked at or reported to Defendant's facilities in Florida, Pennsylvania, and Connecticut and were not given a minimum of 60 days written notice of termination and whose employment was terminated without cause on or about June 26, 2024, within 30 days of that date or thereafter, as part of, or as the reasonably expected consequence of the mass layoffs or plant closings (as defined by the Workers Adjustment and Retraining Notification Act of 1988); and/or

Florida Subclass

> All former employees of Retreat Behavioral Health who worked at or reported to Defendant's facilities in Florida, performed work between June 3, 2024 and June 26, 2024, and were not paid for all wages for work performed as required by Article X, Section 24 of the Florida Constitution.

Pennsylvania Subclass

> All former employees of Retreat Behavioral Health who worked at or reported to Defendant's facilities in Pennsylvania, performed work between June 3, 2024 and June 26, 2024, and were not paid for all wages for work performed as required by 43 P.A. Stat. § 260.1, et. seq.

Connecticut Subclass

> All former employees of Retreat Behavioral Health who worked at or reported to Defendant's facilities in Connecticut, performed work between June 3, 2024 and June 26, 2024, and were not paid for all wages for work performed as required by CT GEN STAT § 31–58, et seq.

The following collective was also conditionally certified under 29 U.S.C. §216(b):

>All former employees of Retreat Behavioral Health, or its related entities, who were not paid the minimum wage and/or overtime required by the Fair Labor Standards Act for all hours worked between June 3, 2024 and June 26, 2024.

The Settlement Class would be comprised of the three Rule 23 subclasses and the FLSA collective members.

      **B.**      **Monetary Relief**

The Settlement requires that, upon entry of a Preliminary Approval Order, the Schorr Estate will request the Probate Court to approve the entry of a Consent Judgment in the total amount of Nine Hundred Twenty-Five Thousand Dollars ($925,000.00). The Parties understand and agree that any actual monetary relief will be based on the amount of assets available to be distributed at the conclusion of the probate administration, and that it is likely that there will be less than the full amount of the Consent Judgment available. A Qualified Settlement Fund ("QSF") will be established to receive money from the Schorr Estate and distribute it appropriately.

Notice of the settlement will go out to the class, with the ability to object to the settlement. Distributions shall be paid to Class Members on a pro rata basis should funds become available and approved by the probate court.

      **C.**      **Class Notice**

Class Members will receive notice of the settlement and instructions by United States Mail. The Notice will inform Class Members of: the right to and date by which a Class Member may object to the Settlement terms; the right to participate in the Final Fairness Hearing; and the web address where Class Members may access the Class Notice and other related documents and information. The Class Administrator or Class Counsel shall be charged with providing Class Notice by Direct Mail. A draft notice is not being provided at this time because Plaintiffs believe they may reach an agreement with one more party in the next few weeks and would like to include both settlements in one notice in the interests of judicial economy and preservation of assets.

Fed.R.Civ.P. 1. However, this request for initial approval is being filed at this time consistent with the Court's direction and to facilitate the process of probate court approval. Plaintiffs will provide a draft notice prior to any hearing on this motion or at the Court's request.

### D. Claims Administration

A Claims Administrator will be chosen by the Plaintiffs. The Claims Administrator's responsibilities include the following:

i. Preparing and transmitting written notice that will be sent to all Class Members via United States Mail, which will include instruction about how to access Settlement related documentation and information;

ii. Processing all requests to be excluded from or opt out of the Settlement Class;

iii. Processing and transmitting distributions to the Settlement Class from the Qualified Settlement Fund; and

iv. Determining all costs associated with administering the settlement, including but not limited to providing notice via United States Mail; processing and transmitting distributions; and processing all requests for exclusion from the settlement class.

In addition, Class Counsel previously established and will maintain a webpage, which will serve as another means for the Class Members to obtain information about the Settlement.

All fees and charges related to Claims Administration to effectuate the Settlement shall be paid from the QSF.

### E. Settlement Termination

If the Settlement Agreement is not approved by a Final Approval Order for any reason, the Settlement Agreement is deemed null and void *ab initio* and all representations made therein for purposes of effecting the Settlement retracted and without effect. In the event that no such Final

Approval Order is entered, the Action shall revert to the state in which it existed prior to this Motion.

  **F.**  **Attorneys' Fees and Costs**

Class Counsel will file a separate motion for attorneys' fees and costs and are seeking one-third of the QSF as attorneys' fees and $17,027.56 in expenses.

  **G.**  **Class Release of Claims**

In exchange for the consideration of the Consent Judgment, all Class Members release and discharge the Estate of Peter Schorr from all wage-related claims.

## MEMORANDUM OF LAW

**I.**  **The Settlement is Fair, Adequate and Reasonable and Should be Preliminarily Approved**

"In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). "A settlement is fair, reasonable and adequate when the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1344 (S.D. Fla. 2011) (internal citations and quotations omitted).

A district court's judgment as to the fairness, adequacy and reasonableness of a class settlement is "informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *Cotton*, 559 F.2d at 1331 ("Particularly in class action suits, there is an overriding public interest in favor of settlement."). The policy favoring settlement is at its zenith in cases concerning complex matters because inherent costs, delays and risks of continued

litigation may overwhelm any benefit to the class. *See, e.g., Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002). The district court is vested with broad discretion in determining the fairness of a class settlement, and that discretion will not be disturbed "absence a clear showing of abuse of that discretion." *Bennet*, 737 F.2d at 986.

Settlement of a class action is a two-step process: preliminary approval and a subsequent fairness hearing. *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010) (citing *Holman v. Student Loan Xpress, Inc.*, 2009 WL 4015573, at *4 (M.D.Fla. Nov.19, 2009)). The preliminary approval stage serves to determine whether the settlement is within the "range of reasonableness," *Manual For Complex Litigation, Third*, §30.41, and the Eleventh Circuit directs district courts to consider the following to assess the fairness, adequacy and reasonableness of a proposed class settlement:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F.2d at 986. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2. When sufficient discovery has been provided and the parties have bargained at arm's-length, there is a presumption in favor of the settlement." *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996); *Manual for Complex Litigation, Third*, §30.42 (A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.").

Once a district court grants preliminary approval, all Settlement Class members are to receive notice of the proposed Settlement's terms and of the date of the hearing for final approval of the settlement, where the parties may offer evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement. *See Manual for Complex Litigation*, *Fourth*, §§13.14, 21.632.

### A. The Class Settlement Agreement is the Result of Good-Faith, Arm's-Length Negotiations

In the instant case, the Settlement Agreement was reached only after extensive litigation over a lengthy period and arms'-length negotiation between experienced counsel with the help of an experienced employment law mediator. Here, there can be no concern of a "bargain proffered for its approval without the benefit of adversarial investigation." *Amchem*, 521 U.S. at 622.

Furthermore, the parties have conducted a significant amount of discovery and engaged in substantial motion practice, all of which have informed the parties of the relative strengths and weaknesses of their positions, thereby providing the "benefit of adversarial litigation" - an invaluable benefit for a district court in considering the fairness of a class settlement. *See Cotton*, 559 F.2d at 1332 (approving settlement over objection that not enough discovery was done, finding that the Plaintiff was adequately informed despite the fact that "very little formal discovery was conducted and that there is no voluminous record in the case.")

Accordingly, it is clear that the Settlement Agreement satisfies procedural due process and should be preliminarily approved.

### B. This Settlement Satisfies the Standard for Preliminary Settlement Approval

Application of the *Bennett* factors makes clear that the Settlement is fair, adequate, and reasonable, and this Court should accordingly grant preliminary approval of the Settlement.

1. **Likelihood of Success at Trial**

Had the Settlement not been reached and litigation continued, Plaintiffs and the Settlement Class face the risk of not prevailing on their claims. At all times, Defendant has maintained that Plaintiffs' claims are unfounded and that Mr. Schorr was not responsible for the Retreat Facilities failing to appropriately compensate employees. Mr. Schorr has challenged his estate's responsibility for such employee compensation and, particularly, liquidated damages as it is his contention that he fully intended for all employees to be paid and took steps to ensure that all payroll was effectuated. Indeed, it was only after Mr. Schorr's death that any of the Retreat Facilities failed to appropriately compensate employees.

And even if Plaintiffs were to ultimately prevail at trial, the likely recovery of any money was in doubt due to the size of the Schorr Estate and the number of creditors also seeking claims. Moreover, recovery could be delayed for years should Defendant elect to appeal an adverse final judgment. *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1322 (S.D. Fla. 2005) (noting that the specter of an appeal from an adverse final judgment is an "uncertaint[y] in outcome strongly favor[ing] approval of" a settlement). The Settlement Agreement provides the Settlement Class more certainty than continued litigation.

Because the interests of the Settlement Class are best advanced by the Settlement Agreement and the significant benefits the Class Members derived therefrom outweigh further litigation, the Parties respectfully request this Court to grant preliminary approval of the Settlement.

## 2. The Point of the Settlement Amount is Fair Considering the Range of Recovery[1]

In determining whether a settlement agreement is fair, "[b]y far the most important factor is a comparison of the terms of the proposed settlement with the likely recovery that plaintiffs would realize if they were successful at trial." *Blackman v. D.C.*, 454 F. Supp. 2d 1, 8 (D.D.C. 2006) "A settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery." *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988), aff'd sub nom., 899 F.2d 21 (11th Cir. 1990) (internal citations omitted). "The Court's role is not to engage in a claim-by-claim, dollar-by-dollar evaluation, but to evaluate the proposed settlement in its totality. . . . Moreover, the existence of strong defenses to the claims presented makes the possibility of a low recovery quite reasonable." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1322-1323 (S.D. Fla. 2005).

Class Counsel and Defense Counsel, all of whom are board certified employment law specialists, have substantial experience litigating employment claims, particularly those arising under the FLSA and the wage claims asserted against the Schorr Estate. In light of that experience, Counsel are well-positioned to evaluate the utility of settlement and are of the opinion that the settlement amount is reasonable especially in light of Defendant's financial condition and the status of the probate court administration. *See Warren v. City of Tampa*, 693 F. Supp. 1051, 1059 (M.D.Fla.1988) (the Court gives "great weight to the recommendations of counsel for the parties, given their considerable experience in this type of litigation."); *see also In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 312-13 (N.D.Ga.1993) ("[T]he court is entitled to rely upon the judgment of the parties' experienced counsel [and] '[t]he trial judge, absent fraud, collusion, or the

---

[1] The second and third *Bennet* factors are considered together because they are "easily combined." *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 541 (S.D. Fla. 1988), aff'd sub nom., 899 F.2d 21 (11th Cir. 1990)

like, should be hesitant to substitute its own judgment for that of counsel.'") (quoting *Cotton*, 559 F.2d at 1330).

In this case, the Consent Judgment of $925,000.000 is intended to settle only the wage claims against the Schorr Estate only, with other funds possibly becoming available from other Defendants in this action. In light of the challenges associated with the administration of the probate claims, the Settlement amount is a significant amount.

### 3. Complexity, Expense, and Duration of Litigation

The Settlement Class will receive a significant benefit with the Settlement, which is superior to further protracted litigation.

> The Court should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise of the mere possibility of relief in the future, after protracted and extensive litigation. In this respect, "[i]t has been held proper to take the bird in the hand instead of a prospective flock in the bush."

*Borcea*, 238 F.R.D. at 674 (quoting *In re Shell Oil Refinery*, 155 F.R.D. 552, 560 (E.D.La.1993)).

This case has been pending for a year and a half and the expense of any trial would further dilute the available funds. And there is also a strong likelihood that should trial be conducted to completion, the unsuccessful party would appeal the adverse judgment.

### 4. Stage of Proceedings at Which Settlement was Achieved

This factor is relevant because it is used "to ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma*, 406 F. SUpp.2d at 1324.

As discussed above, this case has been pending for a year and a half and the settlement was achieved after the close of discovery. Numerous depositions have been taken during litigation. At the time the Settlement was accomplished, Plaintiffs have been advised by the Court regarding the

Schorr Estate's financial position. The foregoing strongly militates in favor of preliminary approval of the Settlement.

## II. The Notice and Administration Plan Is Constitutionally Sound and Should Therefore be Approved

The "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Class notice should be "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). To satisfy this standard "[n]ot only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action." *Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998) (internal quotations omitted).

The Parties' proposed Notice Program readily meets this standard. The Claims Administrator will send written notice following the entry of an order preliminarily approving the Settlement. The Notice provides Class Members with information regarding their right to be present and speak at the Fairness Hearing and make objections to the Settlement terms. The Notice also provides a definition of the Class, a description of the lawsuit and causes of action asserted and an Internet link to the entire Settlement Agreement. The Notice provides sufficiently clear information so as to enable a Class Member to properly opt out, object, speak at a fairness hearing, and obtain information regarding the lawsuit and settlement. Accordingly, this Court should approve of the Notice Program because it provides the best notice possible.

## III. The Court Should Schedule A Fairness Hearing

Once the Settlement is preliminarily approved by this Court and the Probate Court, a Fairness Hearing should be conducted. At the hearing, the Court may hear all evidence and

argument necessary to evaluate the fairness, adequacy, and reasonableness of the Settlement, as well as the methodology for determining the formula to apply to distribution of any funds that become available to be included in the QSF.  The Court will determine: whether the Settlement should ultimately be approved; whether to approve Class Counsel's application for attorneys' fees and costs; and whether to enter a final judgment.

The Parties respectfully request that this Court schedule a final approval hearing as soon as practicable.

## CONCLUSION

Based on the foregoing, this Court should enter an order certifying the Settlement Class and granting preliminary approval of the Settlement.

Respectfully submitted,

| | |
|---|---|
| /s/ Michelle Erin Nadeau<br>Ryan D. Barack<br>Florida Bar No. 0148430<br>Primary Email: rbarack@employeerights.com<br>Secondary Email: jackie@employeerights.com<br>Michelle Erin Nadeau<br>Florida Bar No. 0060396<br>Primary Email: mnadeau@employeerights.com<br>Secondary Email: jackie@employeerights.com<br>**Kwall Barack Nadeau PLLC**<br>304 S. Belcher Rd., Suite C<br>Clearwater, Florida 33765<br>(727) 441-4947<br>(727) 447-3158 Fax | /s/ Robyn S. Hankins<br>Robyn S. Hankins<br>Florida Bar No. 0008699<br>robyn@hankins-law.com<br>scott@hankins-law.com<br>**Robyn S. Hankins, P.L.**<br>1217 Merlot Dr.<br>Palm Beach Gardens, FL 33410<br>(561) 721-3890<br>(561) 721-3889 Fax<br><br>Attorneys for Defendant Estate of Peter Schorr |

-and-

Michael A. Pancier
Fla. Bar No. 958484
Email: mpancier@pancierlaw.com
**Michael A. Pancier, P.A.**
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217
Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 24th day of October 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will provide service upon all registered parties.

/s/ Michelle Erin Nadeau
Attorney