UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 24-cv-80787-Matthewman

MIA WILLIAMS, ET AL.,

     *Plaintiffs,*

v.

RETREAT BEHAVIORAL
HEALTH, LLC, ET AL.,

     *Defendants.*

_____/

## MOTION FOR FINAL DEFAULT JUDGMENT

Plaintiffs, by and through the undersigned counsel and on behalf of those similarly situated, hereby move for entry of Final Default Judgment against Defendants NR Florida Associates, LLC ("NR Florida"), NR Pennsylvania Associates, LLC ("NR Pennsylvania"), NR Connecticut, LLC ("NR Connecticut"), Retreat Behavioral Health, LLC ("RBH"), and DPRS Management, LLC ("DRPS").

1.     A clerk's default was entered against NR Connecticut, LLC, Retreat Behavioral Health, LLC, and DRPS Management, LLC for failure to appear or defend this action. [Doc. 155].

2.     Defendants NR Florida Associates, LLC and NR Pennsylvania Associates, LLC, were previously represented by Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree").

3.     On August 14, 2025, Ogletree moved to withdraw from representation of these corporate Defendants. [Doc. 188].

4.     On August 25, 2025, the Court granted Ogletree's Motion to Withdraw. [Doc. 199].

5.      The Order provided a deadline to obtain new counsel by September 8, 2025.

6.      The Receiver Defendants did not obtain new counsel and did not attempt to participate in the trial held in this case the week of February 17, 2026.

7.      The facts of the Second Amended Complaint [Doc. 74], if taken as true, justify awarding the final default judgment.

8.      A proposed order is attached as Exhibit 1 and a proposed judgment is attached as Exhibit 2 and a Word version will be sent to Chambers per the Court's Order [Doc. 284].

## MEMORANDUM OF LAW

The Second Amended Complaint alleges that the Defendants employed sufficient employees to trigger WARN protections, terminated a sufficient number of employees, and failed to give WARN notice to employees prior to the terminations.  The Second Amended Complaint also alleges that employees were not paid their full wages for the three weeks leading up to the terminations.

### WARN Act

The WARN Act bars an employer with 100 or more full-time employees from ordering a "plant closing" or a "mass lay-off," i.e., the termination of 50 or more employees and more than at least 33 1/3 of the employees at a single site of employment within a 30-day period or as the reasonably foreseeable result of such plant closing or mass layoff unless at least 60 days' advance written notice containing specified information is provided to each employee who will be terminated as part of, or as a reasonably foreseeable result of, a mass layoff or plant closure or their union. WARN Act, 29 U.S.C. §§2101(a)(1), §2101(a)(5).

Failure to give the required notice renders the employer liable to each affected employee for 60 days' pay and benefits. If the employer gives less than 60 days' notice, the employer is

liable for pay and benefits for the number of days' notice was not given.  29 U.S.C. §2104.  The notice must be given by a method that is reasonably designed to ensure fulfillment of the employer's obligation to give notice to each affected employee. 29 U.S.C. §2107(b); 20 C.F.R. §639.8.

"The WARN Act was created in part so that employers would be statutorily required to provide adequate notice of future layoffs to all employees before ordering a mass layoff or plant closing."  *Sides v. Macon County Greyhound Park, Inc.*, 725 F.3d 1276, 1280 (11th Cir. 2013). The WARN Act states that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order" on each employee or representative and the state.  29 U.S.C. §2102.

To prove their claim, Plaintiffs must establish the following three elements: "(1) a mass layoff or plant closing as defined by the statute conducted by (2) an employer who fired employees (3) who, pursuant to WARN, are entitled notice."  *Sides*, 725 F.3d at 1281.

The Second Amended Complaint adequately alleges that all elements have been met.  It alleges that RBH, NR Florida, NR Pennsylvania, NR Connecticut, and DRPS employed over 100 employees, more than one-third of its full-time employees were terminated and there were affected employees who were due notice, which they did not receive.  [Doc. 74 ¶¶ 143, 156, 159-168]. Thus, this Court can find that the Amended Complaint, if true, establishes (1) there was a mass layoff or plant closing (2) by an employer who fired employees (3) who were entitled to notice and such notice was not provided.  Accordingly, final default judgment in favor of the Plaintiffs is proper.

Unpaid Wages

The Second Amended Complaint, if taken as true, establishes that employees were not paid their full wages for the final three weeks of their employment.  [Doc. 74 ¶177].  This constitutes a violation of the Fair Labor Standards Act's guarantee of minimum wage and overtime pay.  29 U.S. Code § 206-207.

This also violates the laws of the three states where the employees worked.  See Art. X, Sec. 24, Florida Constitution (guaranteeing minimum wage), Connecticut General Statute §31-58, et seq. (guaranteeing minimum wage and final payment of wages the day after discharge), 43 P.A. Stat. §260.1, et seq. (guaranteeing minimum wage and overtime pay and the timely payment of wages).

Failure to Retain New Counsel as to NR Florida and NR Pennsylvania

NR Florida and NR Pennsylvania were previously represented, but failed to obtain counsel after prior counsel withdrew.  "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993).

> Courts have ruled that a corporation's failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a court to enter a default and a default judgment against the corporation, notwithstanding that it (through counsel) had previously filed an answer to the complaint.

*Mayorga v. Stamp Concrete & Pavers, Inc.*, No. 13-81274-CIV, 2015 WL 1345364, at *2 (S.D. Fla. Mar. 23, 2015)(granting motion for default and collecting cases).

Damages

The Court has already determined the damages in this case to be $8,016,829.26 [Doc. 255]. All of the individual calculations are correct, but there was an addition error made by undersigned counsel with respect to the total Connecticut WARN damages The correct total summation of the

individual calculations is $8,026,357.42.  The damages are listed per individual in the attached proposed judgment.

WHEREFORE, Plaintiffs respectfully request this Court enter a final default judgment against Defendants NR Florida Associates, LLC, NR Pennsylvania Associates, LLC, NR Connecticut Associates, LLC, Retreat Behavioral Health, LLC, and DRPS, LLC in the amount of $8,026,357.42.

Respectfully submitted,

/s/ Michelle Erin Nadeau
Ryan D. Barack
Florida Bar No. 0148430
Primary Email: rbarack@employeerights.com
Secondary Email: jackie@employeerights.com
Michelle Erin Nadeau
Florida Bar No. 0060396
Primary Email: mnadeau@employeerights.com
Secondary Email: jackie@employeerights.com
Kwall Barack Nadeau PLLC
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs

-and-

/s/ Michael A. Pancier
Michael A. Pancier
Fla. Bar No. 958484
Email: mpancier@pancierlaw.com
Michael A. Pancier, P.A.
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of March 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system who will provide service upon all registered parties.  Although Rule 5 provides that no service is required on a party who is in default for failing to appear and Rule 55 states that only a party who has appeared in the case must be served with written notice, service will be made separately as follows:

Pursuant to Fla. Stat. 48.062(3)(b), David Silberstein will be served as a Manager of NR Florida Associates LLC and Retreat Behavioral Health, LLC by email to his personal counsel, Peter Ticktin (pt@legalbrains.com).

Pursuant to 231 Pa.Code r. 424 and 440(1)(1), David Silberstein will be served as a Manager of NR Pennsylvania Associates, LLC by email to his personal counsel, Peter Ticktin (pt@legalbrains.com).

Pursuant to Sec. 33-663, the Juda J. Epstein, the Registered Agent of NR Connecticut Associates, LLC will be served via U.S. Mail at 3543 Main Street, Second Floor, Bridgeport, Ct, 06606.

Pursuant to Fla. Stat. 48.062(4), DRPS Management, LLC will be served on the Secretary of State as there is no living authorized person to serve.  Additionally, counsel for the Estate of Peter Schorr receives service via the CM/ECF system.


                                        /s/ Michelle Erin Nadeau
                                              Attorney